**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Robert Barry JORDAN, Defendant–Appellant.**

**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Kimberly Ann JORDAN, Defendant–Appellant.**

**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Gregory Allen ETHERTON, Defendant–Appellant.**

**Nos. 91–30190, 91–30191 and 91–30210.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 4, 1992.

Decided May 19, 1992.

Lisa A. Maxfield, Ranson, Blackman & Weil, Portland, Or., for defendant-appellant.

Stephen R. Sady, Chief Deputy Federal Public Defender, Portland, Or., for defendant-appellant.

Michael D. Norris, Portland, Or., for defendant-appellant.

J. Richard Scruggs, Asst. U.S. Atty., Portland, Or., for plaintiff-appellee.

Before HALL, O'SCANNLAIN, and LEAVY, Circuit Judges.

CYNTHIA HOLOMB HALL, Circuit Judge:

Defendants Robert Jordan, Kimberly Jordan, and Gregory Etherton pleaded guilty to conspiracy to manufacture and distribute more than fifty marihuana plants in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 846. Defendants appeal, arguing that (1) the district court should have granted their motion for a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978), (2) the Guideline under which they were sentenced is unconstitutional, and (3) the government did not establish the plant count by sufficient evidence. In a separate, unpublished disposition, we affirm the district court's denial of Defendants' motion for a *Franks* hearing and the district court's finding of sufficient evidence to support the plant count. In this opinion, we affirm the district court's conclusion that Sentencing Guidelines § 2D1.1 does not violate either the due process clause or the equal protection clause.

I

On February 11, 1990, federal and state law enforcement officials executed a search warrant on property owned by Robert Jordan in Polk County, Oregon. During their search of an underground bunker beneath an outbuilding on the property, the agents found 683 marihuana plants, approximately 1.98 kilograms of harvested marihuana, and equipment used to grow marihuana.

The district court calculated Defendants' offense levels by using Sentencing Guidelines § 2D1.1(c), which directs sentencing judges to treat each marihuana plant as one kilogram of harvested marihuana if the offense involved more than fifty plants. Defendants objected, arguing that the Guideline violated due process and equal protection. The district court rejected Defendants' constitutional challenge, holding that "while the drug equivalency table is not based on the particular quantity of marihuana one plant can produce, the formula is not without a rational basis."

Defendants renew their constitutional challenges on appeal. Specifically, they argue that: (1) the equivalency ratio in section 2D1.1 violates due process and equal protection because the plants in this case could not produce one kilogram of marihuana individually; (2) section 2D1.1 violates due process because it creates an irrational and irrebuttable presumption that each plant will produce one kilogram of marihuana; and (3) section 2D1.1 creates an unconstitutional non-reciprocal irrebuttable presumption because the actual weight of the harvested marihuana from the seized plants is used to increase a defendant's offense level, but not to decrease it. We affirm.

II

We review the legality of a sentence *de novo*. *United States v. Pomazi*, 851 F.2d 244, 247 (9th Cir.1988). Section 2D1.1(c) of the Sentencing Guidelines governs the determination of the appropriate offense level for an offense involving drugs. It provides:

In the case of an offense involving marihuana plants, if the offense involved (A) 50 or more marihuana plants, treat each plant as equivalent to 1 KG of marihuana; (B) fewer than 50 marihuana plants, treat each plant as equivalent to 100 G of marihuana. *Provided*, however, that if the actual weight of the marihuana is greater, use the actual weight of the marihuana.

U.S.S.G. § 2D1.1(c).

Defendants first argue that the equivalency ratio in section 2D1.1 is uncon-

stitutional because there is no evidence that the type of marihuana plants seized in this case could ever yield 1000 grams of marihuana each. This argument is foreclosed by our recent decision in *United States v. Belden*, 957 F.2d 671 (9th Cir. 1992). In that case, we held that "[s]ection 2D1.1's treatment of marihuana plants does not purport accurately to translate the amount of marihuana harvestable from a given plant. Rather, the section's rationality lies in its recognition of a higher level of culpability for marihuana growers compared to those who merely possess the harvested product." *Belden*, at 676 (citing *United States v. Webb*, 945 F.2d 967 (7th Cir.1991), *cert. denied*, — U.S. —, 112 S.Ct. 1228, 117 L.Ed.2d 463 (1992)). Because the equivalency ratio in section 2D1.1 is rationally related to Congress' legitimate goal of imposing harsher sentences for marihuana manufacturers due to their higher culpability, that section does not violate either the due process clause or the equal protection clause.

Defendants' final two arguments are based on the assumption that section 2D1.1 creates an unconstitutional irrebuttable evidentiary presumption. According to Defendants, the irrebuttable presumption is constitutionally defective for three reasons: (1) irrebuttable presumptions "have no place in the criminal law;" (2) it assumes that "a [f]alse [e]quivalency is [t]rue;" and (3) it is non-reciprocal in that the actual weight of the harvested marihuana taken from a seized plant is used only when it would increase a defendant's sentence, but not when it would decrease the sentence.

 Like Defendants' first due process argument, these arguments are unpersuasive in light of this court's decision

in *Belden*. Contrary to Defendants' assertions, section 2D1.1 does not create an evidentiary presumption. It is not designed as a substitute for individualized determinations regarding the actual weight of harvestable marihuana taken from a given plant. Instead, it functions only as a measure of culpability for sentencing purposes by assigning an increased level of culpability to marihuana growers, as opposed to mere possessors. Congress has decided, as it may, that marihuana growers pose a more significant risk than possessors, and that those manufacturers who produce plants which yield an enormous amount of the drug should be punished more severely than other growers. *Belden*, at 675–76. We find nothing fundamentally unfair about using the actual amount of harvested marihuana to impose a more harsh penalty on growers who produce large plants, but not using the actual amount to decrease the sentence for growers who produce smaller plants.[1] The disparity is rationally related to Congress' goal of punishing growers more harshly than possessors.

 Defendants' reliance on *Wardius v. Oregon*, 412 U.S. 470, 93 S.Ct. 2208, 37 L.Ed.2d 82 (1973), as support for a reciprocity requirement is misplaced. In *Wardius*, the Supreme Court held that due process requires the state to afford reciprocal discovery rights before it can enforce its notice-of-alibi rule.[2] In so holding, the Court reasoned that "[t]he State may not insist that trials be run as a 'search for truth' so far as defense witnesses are concerned, while maintaining 'poker game' secrecy for its own witnesses." *Id.* at 475, 93 S.Ct. at 2212 (footnote omitted). Unlike Defendants, we do not interpret *Wardius* as es-

---

**1.** At oral argument, defense counsel argued that the commentary to sections 2D1.1 and 2D1.4 permit the sentencing judge to use the *actual* weight of the harvested marihuana if the amount estimated by the equivalency ratio does not reflect the seriousness of the offense. We disagree with this interpretation. The plain language of the commentary directs the sentencing judge to *approximate* the amount of the controlled substance if, for some reason, the *actual amount seized* does not reflect the seriousness of the offense. Because there is no argument that the actual amount of plants seized does not

reflect the seriousness of the offense, the cited commentaries simply do not support Defendants' position.

**2.** A notice-of-alibi rule normally states that if a defendant intends to raise an alibi defense, he must inform the government of this intent and all information relating to the defense within a specified period of time prior to trial. If the defendant fails to divulge this information, he is precluded from introducing alibi evidence at trial. *See, e.g.*, Or.Rev.Stat. § 135.455.

tablishing a general reciprocity rule applicable to the legal question before us. Because this is not a case where the government has introduced evidence at sentencing and the defendant is precluded from obtaining or introducing evidence to refute it, *Wardius* is not controlling.

### III

The judgment of the district court is AFFIRMED.