977 F.2d 592
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Patrick Joseph GREANY, Defendant-Appellant.
 No. 91-30462.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 22, 1992.*
Decided Sept. 29, 1992.
 
 Before GOODWIN, D.W. NELSON and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Patrick Joseph Greany appeals his sentence under the Sentencing Guidelines, following his plea of guilty, for knowingly and intentionally manufacturing marijuana, in violation of 21 U.S.C. § 841(a)(1). The district court sentenced Greany to 63 months imprisonment and three years supervised release. Greany contends that the equivalency ratio for marijuana plants under U.S.S.G. § 2D1.1(c) violates the Fifth Amendment guarantee of due process and the Eighth Amendment protection against cruel and unusual punishment. Greany further contends that the Sentencing Guidelines violate due process because they fail to account for individualized factors. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 I. DUE PROCESS
 
 3
 We review de novo the district court's determination of federal constitutional law. United States v. Savinovich, 845 F.2d 834, 839 (9th Cir.), cert. denied, 488 U.S. 943 (1988). In cases involving marijuana plants, the Sentencing Guidelines provide as follows:
 
 
 4
 In the case of an offense involving marijuana plants, if the offense involved (A) 50 or more marihuana plants, treat each plant as equivalent to 1 KG of marihuana; (B) fewer than 50 marihuana plants, treat each plant as equivalent to 100 G of marihuana. Provided, however, that if the actual weight of the marihuana is greater, use the actual weight of the marihuana.
 
 
 5
 U.S.S.G. § 2D1.1(c).
 
 
 6
 We have previously held that "arriving at an offense level by equating one marijuana plant to one kilogram of marijuana has a rational basis and withstands due process challenge." United States v. Belden, 957 F.2d 671, 676 (9th Cir.1992); see also United States v. Jordan, 964 F.2d 944, 947 (9th Cir.1992) (holding that section 2D1.1 does not create an evidentiary presumption). We have also held that the Sentencing Guidelines do not infringe on any due process right a defendant has to an individualized sentence. United States v. Scampini, 911 F.2d 350, 351 (9th Cir.1990); United States v. Brady, 895 F.2d 538, 541 (9th cir.1990).
 
 II. CRUEL AND UNUSUAL PUNISHMENT
 
 7
 We review de novo the legality of a district court's sentence under the Eighth Amendment. United States v. Bland, 961 F.2d 123, 129 (9th Cir.1992).
 
 
 8
 We consider the following factors in determining the constitutionality of a sentence: "(1) the gravity of the offense and the harshness of the penalty; (2) the comparison with sentences imposed on other criminals in the same jurisdiction; and (3) where appropriate, the comparison with sentences imposed for commission of the same crime in other jurisdictions." United States v. McDougherty, 920 F.2d 569, 576 (9th Cir.1990). Section 2D1.1 recognizes a "higher level of culpability for marijuana growers compared to those who merely posses the harvested product." Belden, 957 F.2d at 676. Severe sentences for drug violations may be cruel, but they are not unusual in the constitutional sense and do not violate the eighth amendment protection against cruel and unusual punishment. Harmelin v. Michigan, 111 S.Ct. 2680, 2701 (1991) (state statute requiring mandatory sentence of life in prison without possibility of parole for a defendant who was convicted of possessing more than 650 grams of cocaine does not violate Eighth Amendment); see also United States v. Van Winrow, 951 F.2d 1069, 1071 (9th Cir.1991) (life sentence without parole for defendant convicted of possession with intent to distribute 151.9 grams of cocaine does not violate the Eighth Amendment).
 
 
 9
 At sentencing the district court determined that Greany was involved in the manufacture of 201 live marijuana plants. The court determined Greany's offense level using the equivalency ratio of section 2D1.1. After adjusting the offense level for possession of a firearm and an acceptance of responsibility, the court sentenced Greany to 63 months imprisonment. Greany's sentence reflects the level of culpability given to individuals involved in the manufacture of marijuana. See Belden, 957 F.2d at 676. The sentence does not violate the Eighth Amendment protection against cruel and unusual punishment. See Harmelin, 111 S.Ct. at 2701; Van Winrow, 951 F.2d at 1071; McDougherty, 920 F.2d at 576. The district court properly sentenced Greany.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3