978 F.2d 716
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
James Robert BOWMAN, Defendant-Appellant.
 No. 92-30082.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 13, 1992.*
Decided Oct. 16, 1992.
 
 Before BEEZER, CYNTHIA HOLCOMB HALL and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James Robert Bowman appeals his sentence under the United States Sentencing Guidelines ("Guidelines" or "U.S.S.G."), imposed following his guilty plea, for manufacture of marijuana in violation of 21 U.S.C. § 841(a)(1). Bowman contends that Guidelines section 2D1.1, which equates one marijuana plant to one kilogram of marijuana, violates the Fifth and Fourteenth Amendment due process and equal protection guarantees because it is arbitrary and irrational. Bowman also argues that his sentence of 46 months imprisonment constitutes cruel and unusual punishment in violation of the Eighth Amendment. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 I. Guidelines Section 2D1.1[1]
 
 3
 We review de novo the legality of a sentence. United States v. Jordan, 964 F.2d 944, 946 (9th Cir.1992).
 
 
 4
 Bowman argues that: (1) the plants seized in this case were incapable of producing one kilogram of marijuana each; (2) section 2D1.1 violates due process because it creates an irrational and irrebuttable presumption that each plant will produce one kilogram of marijuana; and (3) section 2D1.1 violates equal protection because a defendant convicted of possessing 100 marijuana plants would receive the same sentence as a defendant convicted of possessing 100 kilograms of dried marijuana.
 
 
 5
 We have recently considered similar arguments and rejected them. See Jordan, 964 F.2d at 947 (Guidelines equating one marijuana plant with one kilogram of dried marijuana "does not create evidentiary presumption" but rather "functions only as a measure of culpability for sentencing purposes"); United States v. Belden, 957 F.2d 671, 676 (9th Cir.) (same), cert. denied, --- U.S.L.W. --- (U.S. Oct. 5, 1992) (92-5143). Accordingly, these contentions lack merit.
 
 II. Cruel and Unusual Punishment
 
 6
 "We review de novo the legality of a district court's sentence under the [E]ighth [A]mendment." United States v. Bland, 961 F.2d 123, 128 (9th Cir.), cert. denied, --- U.S.L.W. --- (U.S. Oct. 5, 1992), (91-8722).
 
 
 7
 Ordinarily, a sentence that does not exceed the statutory maximum will not be overturned on Eighth Amendment grounds. United States v. McDougherty, 920 F.2d 569, 576 (9th Cir.1990), cert. denied, 111 S.Ct. 1119 (1991). Nevertheless, we consider three factors in determining the constitutionality of a sentence within the statutory penalty: "(1) the gravity of the offense and the harshness of the penalty; (2) the comparison with sentences imposed on other criminals in the same jurisdiction; and (3) where appropriate, the comparison with sentences imposed for commission of the same crime in other jurisdictions." Id. (citing Solem v. Helm, 463 U.S. 277, 290-92 (1983)).
 
 
 8
 At sentencing, the district court determined that Bowman's base offense level was 26, based on the cultivation of 343 marijuana plants. See U.S.S.G. § 2D1.1. The district court granted a two-level downward adjustment for minor participant status and a two-level reduction for acceptance of responsibility. Based on a total offense level of 22 and criminal history category of II, the applicable sentencing range was 46 to 57 months' imprisonment. See U.S.S.G. § 5A. The district court then sentenced Bowman to 46 months.
 
 
 9
 Bowman argues that his sentence is disproportionate to the offense and the sentence he would have received under the Oregon Sentencing Guidelines. We have previously considered these arguments and squarely rejected them. See United States v. Lillard, 929 F.2d 500, 504-05 (9th Cir.1991) (identical arguments); see also Harmelin v. Michigan, 111 S.Ct. 2680, 2706 (1991) (upholding a life sentence without the possibility of parole for a defendant convicted of possession of more than 650 grams of cocaine); United States v. Van Winrow, 951 F.2d 1069, 1071 (9th Cir.1991) (upholding life sentence without parole for a defendant convicted of possession with intent to distribute 151.9 grams of cocaine). Therefore, Bowman's 46-month sentence does not violate the Eighth Amendment.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Section 2D1.1(c) provides:
 In the case of an offense involving marihuana plants, if the offense involved (A) 50 or more marihuana plants, treat each plant as equivalent to 1 KG of marihuana; (B) fewer than 50 marihuana plants, treat each plant as equivalent to 100 G of marihuana. Provided, however, that if the actual weight of the marihuana is greater, use the actual weight of the marihuana.