980 F.2d 739
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Daniel HELLER, Defendant-Appellant.
 No. 91-30219.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 23, 1992.*
Decided Dec. 1, 1992.
 
 Before SCHROEDER, FLETCHER and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Daniel Heller appeals his sentence under the United States Sentencing Guidelines, imposed following his guilty plea, for manufacture of marijuana in violation of 21 U.S.C. § 841(a)(1). Heller contends that U.S.S.G. § 2D1.1, which equates one marijuana plant to one kilogram of marijuana, violates the Fifth and Fourteenth Amendment due process and equal protection guarantees because it is arbitrary and irrational. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo the legality of a sentence. United States v. Jordan, 964 F.2d 944, 946 (9th Cir.), cert. denied, --- U.S.L.W. ---- (U.S. Nov. 9, 1992) (No. 92-6110).
 
 
 4
 Heller argues that: (1) the plants seized in this case were incapable of producing one kilogram of marijuana each; (2) section 2D1.1 violates due process because it creates an irrational and irrebuttable presumption that each plant will produce one kilogram of marijuana; and (3) section 2D1.1 violates equal protection because it provides for disparate treatment of offenders without a rational basis.
 
 
 5
 We have recently considered similar arguments and rejected them. See Jordan, 964 F.2d at 947 (Guidelines equating one marijuana plant with one kilogram of dried marijuana "does not create evidentiary presumption" but rather "functions only as a measure of culpability for sentencing purposes"); United States v. Belden, 957 F.2d 671, 676 (9th Cir.) (same), cert. denied, 113 S.Ct. 234 (1992); see, e.g., Chapman v. United States, 111 S.Ct. 1919, 1923 (1991) (equal protection challenge to sentencing scheme duplicated due process argument that sentencing scheme was arbitrary). Accordingly, these contentions lack merit.[1]
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Heller urges the panel to reconsider Jordan and Belden. We reject his suggestion, however, because a three-judge panel cannot disregard or overrule Ninth Circuit precedent. See United States v. Lucas, 963 F.2d 243, 247 (9th Cir.1992)