983 F.2d 1079
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
James E. ROCKNEY, Defendant-Appellant.
 No. 91-30130.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 9, 1992.*
Decided Dec. 14, 1992.
 
 Before TANG, PREGERSON and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James E. Rockney appeals his 60-month sentence under the United States Sentencing Guidelines, imposed following his guilty plea, for manufacture of marijuana in violation of 21 U.S.C. § 841(a)(1). Rockney contends that the district court erred by sentencing him on the basis of the entire marijuana growing operation of 140 plants because he only cultivated 28 plants. He also contends that U.S.S.G. § 2D1.1, which equates one marijuana plant to one kilogram of marijuana where more than one hundred plants are cultivated, violates the Fifth and Fourteenth Amendment due process and equal protection guarantees because it is arbitrary and irrational. We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 * Relevant Conduct
 
 
 4
 Rockney contends that the district court erred by sentencing him on the basis of the entire marijuana growing operation because he was not charged with a conspiracy or aiding and abetting. This contention is meritless.
 
 
 5
 "We review the district court's legal interpretation of the Sentencing Guidelines de novo, and its factual determinations for clear error." United States v. Sanchez, 967 F.2d 1383, 1385 (9th Cir.1992).
 
 
 6
 The Guidelines require the district court "to determine the base offense level for drug crimes on the basis of 'all such acts and omissions that were part of the same course of conduct or common scheme or plan as the offense of conviction.' " Id. (quoting U.S.S.G. § 1B1.3(a)(2)). "[T]he government must prove by a preponderance of the evidence that the defendant either: (1) personally participated in the acts and omissions, or (2) the acts and omissions were 'in furtherance of the execution of the jointly-undertaken criminal activity that was reasonably foreseeable by the defendant.' " Id. (quoting U.S.S.G. § 1B1.3(a)(2), comment. (nn. 1, 2)). The Guidelines do not require that the conduct be charged as a conspiracy. U.S.S.G. § 1B1.3, comment. (n. 1). Additionally, "[a]iding and abetting is implied in every federal indictment for a substantive offense." United States v. Armstrong, 909 F.2d 1238, 1241 (9th Cir.), cert. denied, 111 S.Ct. 191 (1990).
 
 
 7
 Here, following the discovery of a marijuana-growing operation in the Wenatchee National Forest, law enforcement officials surveilled the area. An aerial photograph showed marijuana plants growing on an undivided plot. The officials discovered a black pipe and hose, utilized as a watering system, ground working tools, fertilizer, plant food, and rodent traps near the marijuana patch. Further surveillance revealed that Rockney and Raymond Daugavietis, his co-defendant, were the growers. Officials observed Rockney and Daugavietis enter the marijuana patch, cultivate the plants by sharing the tools, and discuss their enterprise. After officials arrested Rockney and Daugavietis, an inventory of the patch showed that it contained 140 plants.
 
 
 8
 Based on this evidence, we hold that the district court did not clearly err by finding that the government proved by a preponderance of the evidence that Rockney was part of a joint enterprise to grow 140 marijuana plants. See Sanchez, 967 F.2d at 1385. Accordingly, the district court did not err by utilizing 140 marijuana plants in calculating Rockney's base offense level.
 
 II
 Constitutionality of U.S.S.G. § 2D1.1
 
 9
 Rockney contends that the imposition of a mandatory-minimum sentence without regard to the plant maturity, gender or actual weight of the harvestable marijuana taken from each plant violates due process. He also contends that U.S.S.G. § 2D1.1 violates equal protection because a defendant convicted of possessing thirty immature plants, capable of producing 100 seedlings, would receive the same sentence as a defendant convicted of possessing thirty mature plants.
 
 
 10
 We review de novo the legality of a sentence. United States v. Jordan, 964 F.2d 944, 946 (9th Cir.), cert. denied, 61 U.S.L.W. 3355 (U.S. Nov. 9, 1992) (No. 92-6110).
 
 
 11
 We have recently considered similar arguments and rejected them. See Jordan, 964 F.2d at 647 (Guidelines equating one marijuana plant with one kilogram of dried marijuana "does not create evidentiary presumption" but rather "functions only as a measure of culpability for sentencing purposes"); United States v. Belden, 957 F.2d 671, 676 (9th Cir.) (same), cert. denied, 113 S.Ct. 234 (1992); see also, Chapman v. United States, 111 S.Ct. 1919, 1923 (1991) (equal protection challenge to sentencing scheme duplicated due process argument that sentencing scheme was arbitrary). Accordingly, these contentions are meritless.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3