983 F.2d 1077
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jerry E. BATES, Defendant-Appellant.
 No. 90-30186.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 6, 1993.*
Decided Jan. 12, 1993.
 
 Before REINHARDT, CYNTHIA HOLCOMB HALL and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jerry Bates appeals from his sentence, imposed following conviction after a jury trial, for conspiracy to manufacture and distribute methamphetamine in violation of 21 U.S.C. § 846. Bates contends that the district court erred by sentencing him to the mandatory minimum sentence described in 21 U.S.C.
 
 
 3
 § 841(b)(1)(B)(viii) based on its estimate that he could have produced over 10 grams of methamphetamine. He argues that the district court lacked authority to estimate the purity of methamphetamine he could have produced. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 
 4
 We review de novo the legality of a sentence. United States v. Jordan, 964 F.2d 944, 946, (9th Cir.), cert. denied, 113 S.Ct. 478 (1992). We review for clear error the district court's findings of fact underlying a sentence, including its estimate of a drug operation's manufacture capacity. United States v. Bertrand, 926 F.2d 838, 846 (9th Cir.1991).
 
 
 5
 Pursuant to 21 U.S.C. § 846 and U.S.S.G. § 2D1.4, a defendant convicted of conspiracy is sentenced as though the object of the conspiracy had been completed. "If the defendant is convicted of an offense involving negotiation to traffic in a controlled substance, the weight under negotiation in an uncompleted distribution shall be used to calculate the applicable amount." U.S.S.G. § 2D1.4, comment. (n. 1). The commentary to section 2D1.4 also directs that "[w]here there is no drug seizure ... the sentencing judge shall approximate the quantity of the controlled substance. In making this determination, the judge may consider ... the size or capability of any laboratory involved." Id., comment. (n. 2). The district court may consider the potential yield of precursor chemicals found in the defendant's possession, whether or not defendant possessed all of the components necessary to manufacture the controlled substance. See Bertrand, 926 F.2d at 846-47 (affirming district court's finding that 75 kilograms of ephedrine could have produced 60 to 70 kilograms of methamphetamine).
 
 
 6
 A repeat offender whose instant offense involves "10 grams or more of methamphetamine ... or 100 grams or more of a mixture or substance containing a detectable amount of methamphetamine" is subject to a mandatory minimum term of ten years' incarceration. 21 U.S.C. § 841(b)(1)(B)(viii). We have interpreted the distinction between "methamphetamine" and "mixture or substance containing methamphetamine" as used in section 841(b)(1) to mean that mandatory minimum sentences apply whenever the defendant possesses the requisite net amount of methamphetamine, whether or not the net amount is found in a larger mixture "containing" the net amount.[1] United States v. Asuncion, 973 F.2d 769, 773 (9th Cir.1992); United States v. Alfeche, 942 F.2d 697, 698-99 (9th Cir.1991) (adopting the rationale of United States v. Stoner, 927 F.2d 45 (1st Cir.), cert. denied, 112 S.Ct. 129 (1991)); see also United States v. Rusher, 966 F.2d 868, 879-80 (4th Cir.) (interpreting U.S.S.G. § 2D1.1(c) (n. *) as directing the district court to multiply the purity and amount of a drug mixture in order to arrive at the amount of "pure" drug possessed), cert. denied, 113 S.Ct. 351 (1992).
 
 
 7
 Bates was arrested as the result of an undercover operation during which he planned with a confidential informant to manufacture approximately two ounces of methamphetamine from chemicals the informant would provide. Bates and his coconspirators were arrested before any methamphetamine was actually produced, but police seized 175.6 grams of chloropseudoephedrine from a coconspirator's house. At the sentencing hearing, a Drug Enforcement Agency (DEA) chemist testified that considering Bates' experience and equipment, he could have produced at least 58.9 grams of methamphetamine from the 175.6 grams of chloropseudoephedrine. Based on this testimony and the government informant's trial testimony that Bates had stated his intent to produce approximately two ounces (56 grams), the district court found Bates responsible for more than 10 net grams of methamphetamine and sentenced him to the mandatory minimum sentence under section 841(b)(1)(B)(viii).
 
 
 8
 Bates contends that it was unreasonable for the district court to "speculate" as to whether the 58.9 grams produced from the chloropseudoephedrine would have been "pure." This contention lacks merit.
 
 
 9
 U.S.S.G. § 2D1.4 comment. (n. 2), which directs the district court to "approximate the quantity" of drugs a conspirator could have produced, clearly authorizes the district court to make a finding as to the net amount of methamphetamine involved in a methamphetamine conspiracy. See Bertrand, 926 F.2d at 846. Here, the district court found that the conspiracy could have produced "considerably more than [the] 10" net grams of methamphetamine necessary to invoke the mandatory minimum. The 58.9 grams estimated by the DEA chemist could have been less than 20% pure and still support this result. See Rusher, 966 F.2d at 879-80. Given Bates' own statements to the informant and the chemist's testimony, the district court's finding was not clearly erroneous. See Bertrand, 926 F.2d at 846. The district court correctly applied the mandatory minimum provision of section 841(b)(1)(B)(viii). See Asuncion, 973 F.2d at 773; Alfeche, 942 F.2d at 698-99.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although the Guidelines in effect at the time Bates was sentenced referred to "methamphetamine" and "pure methamphetamine," the statute itself has never used the word "pure." See generally 21 U.S.C. § 841(b)(1). The Guidelines have since been amended to distinguish between "methamphetamine" and "methamphetamine (actual)" and are now more consistent with the statute. Compare U.S.S.G. § 2D1.1(c) (1990) with section 2D1.1(c) (1991)