990 F.2d 1263
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert Gary LEESON, Defendant-Appellant.
 No. 92-10236.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 12, 1993.
Decided April 13, 1993.
 
 Before NORRIS, HALL and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Robert Gary Leeson appeals his conviction and sentence for conspiracy, manufacture, and aiding and abetting the manufacture of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 846, and 18 U.S.C. § 2. He challenges the constitutionality of the directive in U.S.S.G. § 2D1.1 that each marijuana plant is treated as one kilogram of marijuana when fifty or more plants are involved, and the district court's denial of his motions to suppress evidence and for a Franks hearing.
 
 
 3
 We AFFIRM.
 
 BACKGROUND FACTS
 
 4
 In January 1990, Drug Enforcement Agency (DEA) agents dismantled a marijuana cultivation operation in a residence in the west section of Las Vegas, Nevada. In the garage were found several shipping boxes addressed to Lee Roberts at 2812 Highland, Las Vegas. During a follow-up investigation, Leeson was observed retrieving packages from the Highland address which were addressed to Lee Roberts from Light Manufacturing Company, Hamilton Technology Corporation and Seedbank, known suppliers of equipment and seed used for indoor marijuana cultivation. Agents obtained additional evidence which tended to show that Leeson was engaged in marijuana cultivation from Leeson's trash and utility records.
 
 
 5
 In December 1990, DEA agents surveilled Leeson's residence using a thermal imager to detect heat emissions. The readings were consistent with readings from other indoor marijuana cultivations. Agents also observed two rooftop air conditioners and six vents commonly used to ventilate indoor marijuana cultivation. Based on these facts, agents obtained and executed a search warrant, which resulted in the confiscation of 83 marijuana plants, dry marijuana and growing equipment. Leeson was convicted upon his conditional guilty plea and sentenced to 43 months.
 
 DISCUSSION
 
 6
 A. Sufficiency of Affidavit.
 
 
 7
 We need not decide whether use of an infrared sensing device to detect heat emissions violates the Fourth Amendment prohibition against unreasonable searches because there is sufficient evidence in the warrant affidavit to establish probable cause independent of the results of the thermal imager. See United States v. Feeney, No. 91-10589, slip op. 837, 843, 1993 WL 17727 (9th Cir. Feb. 1, 1993); United States v. Kerr, 876 F.2d 1440, 1443-44 (9th Cir.1989). The affidavit indicated that:
 
 
 8
 (1) Shipping boxes addressed to "Lee Roberts" were found on the premises of a known marijuana cultivator;
 
 
 9
 (2) "Lee Roberts" received numerous shipments in July 1989 and August and September 1990 from businesses known to the DEA to supply equipment and seeds for indoor marijuana cultivation;
 
 
 10
 (3) Leeson personally retrieved packages addressed to "Lee Roberts" on four occasions;
 
 
 11
 (4) After picking up boxes, Leeson drove in a circuitous manner (including making U-turns and going down dead-end streets);
 
 
 12
 (5) Drug traffickers commonly use aliases of the type where a name like "Robert Leeson" is turned into "Lee Roberts;"
 
 
 13
 (6) An issue of High Times magazine, a publication for persons interested in marijuana, was found in trash which Leeson had discarded away from his home. On another occasion, Leeson discarded an empty box from Light Manufacturing Co. in a dumpster away from his home;
 
 
 14
 (7) Utility records for Leeson's residence showed that he was using a lot of electricity and water; and
 
 
 15
 (8) Rooftop air conditioners and vents commonly used to vent indoor marijuana cultivations were observed at Leeson's residence.
 
 
 16
 These facts provide a substantial basis for the magistrate to conclude that there was a fair probability that marijuana was being grown in Leeson's residence. See Feeney, slip op. at 842-43; United States v. Motz, 936 F.2d 1021, 1023 (9th Cir.1991); Kerr, 876 F.2d at 1444-45. Thus, the district court did not err in denying Leeson's motion to suppress.
 
 
 17
 Leeson failed to make a preliminary showing that false statements material to a finding of probable cause were intentionally or recklessly included in the warrant affidavit. Similarly, there was no showing of intentional or reckless material omissions. Thus, he was not entitled to a hearing to investigate the veracity of the affiant, pursuant to Franks v. Delaware, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978).
 
 
 18
 Leeson objected to the following statements by the affiant: three companies from which Leeson received packages were regarded by DEA as suppliers of equipment and seeds for indoor marijuana cultivation, drug traffickers commonly use aliases, and a check of local criminal records revealed a "positive record" for Leeson. Although it is possible to infer more from these statements than appears on their face (e.g., that the companies only sell to drug dealers), there is nothing to indicate that the magistrate drew those inferences. Moreover, a Franks hearing would not be illuminating in that regard. Accordingly, the district court did not err in denying Leeson's motion for a Franks hearing.
 
 
 19
 Leeson also alleged that evidence should be suppressed because the government improperly destroyed the seized marijuana plants. Leeson failed to demonstrate either bad faith by the government or prejudice. See United States v. Heffington, 952 F.2d 275, 280-81 (9th Cir.1991). The government complied with 21 U.S.C. § 881(f)(2) and 28 C.F.R. § 50.21(e) in destroying the plants. Leeson was not prejudiced because evidence of the number and condition of the plants was preserved on film. Indeed, Leeson admitted to the number of plants and cuttings at the sentencing hearing.[1] The district court properly denied the motion for suppression.
 
 
 20
 B. Sentencing.
 
 
 21
 In the case of an offense involving 50 or more live marijuana plants, a footnote to U.S.S.G. § 2D1.1(c)[2] directs the sentencing court to treat each plant as equivalent to one kilogram of marijuana in calculating the quantity of drugs involved in the offense. Leeson contends that this instruction violates due process because the ratio has no basis in science or fact, and operates to punish a grower who is apprehended before harvest more severely than a grower who is apprehended after a grow has been harvested and dried. These arguments are foreclosed by Ninth Circuit precedent. The one plant/one kilogram ratio is rationally related to a legitimate government interest because it recognizes the heightened culpability of growers and factors in the ongoing nature of a growing operation. United States v. Jordan, 964 F.2d 944, 947 (9th Cir.), cert. denied, 113 S.Ct. 478, 121 L.Ed.2d 384 (1992); United States v. Belden, 957 F.2d 671, 675-76 (9th Cir.), cert. denied, 113 S.Ct. 234, 121 L.Ed.2d 169 (1992); Motz, 936 F.2d at 1025-26.
 
 
 22
 Consequently, use of the § 2D1.1 ratio for converting live plants to drug quantity reflects the scale of the offense for guideline purposes, and the district court did not need to resort to an approximation under Application Note 12 to § 2D1.1, and Application Note 2 to § 2D1.4. These Notes do not reflect an intent to lower the guideline offense level in a case where an actual quantity of drugs is seized. Rather, they indicate an intent to account for situations where not all of the drugs in question are seized. Certainly, they do not offer a reason to circumvent the precise equivalency direction that applies to this case.
 
 
 23
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 While there may have been a slight discrepancy in the numbers, it was not one that would change the Guideline level of 24
 
 
 [2]
 All references to the Sentencing Guidelines are to the version effective November 1, 1991