993 F.2d 885
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Bob GARTLAND, Defendant-Appellant.
 No. 92-30249.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 5, 1993.*
Decided May 7, 1993.
 
 Before WRIGHT, ALARCON and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Bob Gartland appeals from the fifty-five month sentence imposed following the entry of his guilty plea to conspiracy to manufacture marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846. We must decide whether (1) Gartland has waived his argument that he is entitled to a four level reduction in his base offense level under the Sentencing Guidelines for being a "minimal participant" in the criminal activity, because he failed to raise this issue to the district court; (2) section 2D1.1 of the Sentencing Guidelines violates Gartland's constitutional right to due process and equal protection by equating one marijuana plant with one kilogram of marijuana; (3) the Sentencing Guidelines are unconstitutional because they neither reflect society's interest in rehabilitation, nor take into account an offender's individual rehabilitative needs; (4) the district court's discretionary downward departure of twenty-three months was inadequate; and (5) Gartland's sentence of fifty-five months' imprisonment was excessive when compared to the sentences imposed on his codefendants. We affirm the sentence because we conclude that none of these contentions has merit.
 
 I.
 
 3
 Gartland and his codefendants, Estes and Peggy Gwyn, were involved in a conspiracy to manufacture and distribute marijuana for profit. The extent of Gartland's participation in the conspiracy included providing the Gwyns with grow lights, electrical sockets, ballasts, and bags of potting soil. Gartland knew that these items were to be used by the Gwyns to manufacture marijuana. He also knowingly transported the marijuana to potential buyers and delivered the money obtained from those sales to the Gwyns.
 
 
 4
 On January 17, 1992, Gartland was charged in a two count information. Count I alleged conspiracy to manufacture marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846. Count II charged Gartland with the unlawful manufacture of marijuana, and aiding and abetting the unlawful manufacture of marijuana, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Gartland entered a plea of guilty to count I of the information in exchange for the Government's dismissal of the remaining count against him. Pursuant to the same plea agreement, the Government filed a motion under Rule 35(b) of the Federal Rules of Criminal Procedure, requesting the district court to impose a sentence which would reflect "Gartland's substantial assistance in the investigation and the prosecution of other individuals."[1]
 
 
 5
 Because 748 marijuana plants were seized from the conspiracy, the minimum sentence allowed under 21 U.S.C. § 841(b)(1)(B) was five years. The probation officer correctly calculated Gartland's Guideline range at seventy-eight to ninety-seven months. The district court reduced the punishment below the mandatory minimum of five years and sentenced Gartland to fifty-five months' imprisonment.
 
 II.
 
 6
 Gartland contends, for the first time on appeal, that his base offense level under the Sentencing Guidelines should have been decreased by four levels because he was a "minimal participant" in the conspiracy. Section 3B1.2 of the Sentencing Guidelines permits a district court to reduce an offender's base offense level by four levels, upon a finding that the offender was a minimal participant in the criminal activity. U.S.S.G. § 3B1.2. The question whether a defendant is a "minimal participant" is a factual determination. United States v. Sanchez, 908 F.2d 1443, 1449 (9th Cir.1990). Gartland did not raise this argument to the district court. As a general rule, the failure to object to the application of the Sentencing Guidelines in the district court constitutes a waiver of the argument on appeal. United States v. Koenig, 952 F.2d 267, 272 (9th Cir.1991). We will make exceptions to this waiver rule only in those rare circumstances where a change in the law has occurred between the time of the judgment and the appeal; where the issue is purely one of law; or where plain error has occurred and an injustice might otherwise result. United States v. Whitten, 706 F.2d 1000, 1012 (9th Cir.1983), cert. denied, 465 U.S. 1100 (1984).
 
 
 7
 The Government pointed out in its responsive brief that the question whether Gartland was a minimal participant in the conspiracy could not be reviewed for the first time on appeal in the absence of plain error. Appellee's Brief at 6. Gartland did not file a reply brief. Gartland did not argue or demonstrate that the district court's failure to sentence Gartland as a minimal participant was a "highly prejudicial error affecting substantial rights." Koenig, 952 F.2d at 272 (internal quotation marks and citations omitted). Therefore, he has failed to demonstrate plain error.
 
 III.
 
 8
 Gartland also contends that section 2D1.1 of the Sentencing Guidelines violates his constitutional rights to due process and equal protection. Gartland argues that section 2D1.1 is not rationally related to a legitimate government interest, because the ratio equating one marijuana plant with one kilogram of marijuana includes parts of the marijuana plant that have no drug abuse potential.
 
 
 9
 We review the legality of the Sentencing Guidelines de novo. United States v. Jordan, 964 F.2d 944, 946 (9th Cir.), cert. denied, 113 S.Ct. 478 (1992). Gartland's argument was squarely rejected by this court in United States v. Belden, 957 F.2d 671 (9th Cir.), cert. denied, 113 S.Ct. 234 (1992). In Belden, we held that section 2D1.1 does not violate due process. Id. at 676. In concluding that the ratio of one plant to one kilogram is rationally related to a legitimate government purpose, we reasoned that the
 
 
 10
 section's rationality lies in its recognition of a higher level of culpability for marijuana growers compared to those who merely possess the harvested product. Marijuana growers operate at the top of the distribution chain, and are thought an important target for purposes of deterrence. Moreover, it is not irrational to assume that the number of plants seized in large grows, which are likely to be ongoing operations, probably represents less than the number of plants actually harvested.
 
 
 11
 Id. We recently reaffirmed our holding in Belden in Jordan, 964 F.2d at 947. Accordingly, Gartland's argument that section 2D1.1 is not rationally related to a legitimate government interest is without merit.
 
 IV.
 
 12
 Gartland further contends that the Sentencing Guidelines violate the Due Process and Equal Protection Clauses of the Constitution because they do not adequately reflect society's interest in rehabilitation. As noted above, we review the legality of the Sentencing Guidelines de novo. Jordan, 964 F.2d at 946.
 
 
 13
 In launching his constitutional attack on the Guidelines, Gartland argues that the policy statement contained in the Guidelines is devoid of any mention of rehabilitation as a sentencing goal. Gartland contends that a sentencing policy that does not include rehabilitation as a sentencing goal cannot be rationally related to a legitimate government interest.
 
 
 14
 We disagree with Gartland's contention that the Guidelines' emphasis on punishment necessarily excludes aspects of rehabilitation as a sentencing goal. As we noted in United States v. Belgard, 894 F.2d 1092 (9th Cir.), cert. denied, 498 U.S. 860 (1990), rehabilitation is an important component of punishment because "discipline (or punishment) can perform a character-changing rehabilitative function." Id. at 1097 n. 4.
 
 
 15
 Gartland further argues that the Guidelines are unconstitutional because they severely limit the district court's discretion to impose probation as an alternative sentence. We rejected this argument in Belgard, 894 F.2d at 1100. In Belgard, we held that the Guidelines' restrictions on probation do not violate due process. Id.
 
 
 16
 Gartland also contends that the district court violated his due process rights by imposing a sentence that ignored Gartland's background, character, and conduct. In his opening brief to this court, Gartland notes that he is
 
 
 17
 married with two (2) young children. He had just earned a college degree immediately before sentencing. He is a good father and husband, and had a bright future ahead of him. He was an honor student, and is a hard-worker. He had been conviction-free for approximately twenty (20) years. He took to transporting marijuana in order to help pay his bills while he was a student and a father.
 
 
 18
 Appellant's Brief at 11. He argues that a sentence of fifty-five months' imprisonment does not reflect his own rehabilitative needs.
 
 
 19
 Gartland's contention that the Sentencing Guidelines are unconstitutional because they limit the district court's discretion to impose individualized sentences is meritless. We have previously held that the Guidelines' limitation of the sentencing court's discretion to consider a defendant's individual rehabilitative needs does not violate due process. United States v. Ramos, 923 F.2d 1346, 1359 (9th Cir.1991).
 
 V.
 
 20
 Gartland further urges his counsel to argue that the district court's discretionary downward departure of twenty-three months was inadequate. However, as Gartland's counsel correctly conceded in the opening brief,[2] this court is without jurisdiction to review the extent of a district court's discretionary downward departure. United States v. Vizcarra-Angulo, 904 F.2d 22, 23 (9th Cir.1990).
 
 VI.
 
 21
 Gartland argues that his sentence of fifty-five months' imprisonment was excessive when compared with the sentences imposed on his codefendants, who were charged with multiple counts and had greater criminal histories. We review the question whether a codefendant has received a comparatively excessive sentence for abuse of discretion. United States v. Castro, 887 F.2d 988, 1001 (9th Cir.1989).
 
 
 22
 Gartland received a sentence of fifty-five months imprisonment. His codefendant, Estes Gwyn, received a sentence of one hundred months. Codefendant, Peggy Gwyn, received a sentence of seventy-two months. It is clear that Gartland received a sentence that was substantially lower than the sentences imposed on his codefendants. His argument that his fifty-five month sentence was comparatively excessive is not supported by the record. Gartland has failed to demonstrate that the district court abused its discretion in imposing a sentence of imprisonment for fifty-five months.
 
 
 23
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Rule 35(b) of the Federal Rules of Criminal Procedure provides in pertinent part:
 The court, on motion of the Government made within one year after the imposition of the sentence, may reduce a sentence to reflect a defendant's subsequent, substantial assistance in the investigation or prosecution of another person who has committed an offense, in accordance with the guidelines and policy statements issued by the Sentencing Commission pursuant to section 994 of title 28, United States Code.... The court's authority to reduce a sentence under this subsection includes the authority to reduce such sentence to a level below that established by statute as a minimum sentence.
 Fed.R.Crim.P. 35(b).
 
 
 [2]
 Appellant's Opening Brief at 12