**428**

*United States v. Fernandez,* 839 F.2d 639, 640 (9th Cir.1988).

AFFIRMED.

UNITED STATES of America, Plaintiff–Appellee,

v.

Jose IBANEZ–AGUILAR, Defendant–Appellant.

No. 00–30019.
D.C. No. CR–99–05358–RJB.

United States Court of Appeals, Ninth Circuit.

Submitted March 6, 2001.*

Decided March 21, 2001.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before PREGERSON, THOMAS, and GOULD, Circuit Judges.

MEMORANDUM **

On October 1, 1999, appellant Ibanez–Aguilar entered a guilty plea to one count of manufacturing more than 100 plants of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). On January 18, 2000, the district court sentenced Ibanez–Aguilar to the statutory minimum mandatory five-year prison term. Ibanez–Aguilar appeals his sentence, imposed pursuant to 21 U.S.C. § 841(b)(1)(B)(vii). Ibanez–Aguilar contends on appeal that the sentencing structure of § 841(b)(1)(B)(vii) violates his due process and equal protection rights because the structure requires that the court impose the same five-year minimum mandatory

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

sentence on a defendant convicted of possessing 100 marijuana plants as the court would impose on a defendant convicted of possessing 100 kilograms of marijuana. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We have previously rejected the argument that Congress violates either the equal protection or due process clause of the fourteenth amendment by equating 100 kilograms of marijuana with 100 marijuana plants. *See United States v. Belden,*[1] 957 F.2d 671, 676 (9th Cir.1992) ("[U.S.S.G. section 2D1.1(c)'s] rationality lies in its recognition of a higher level of culpability for marijuana growers compared to those who merely possess the harvested product. Marijuana growers operate at the top of the distribution chain, and are thought an important target for purposes of deterrence."); *United States v. Jordan,* 964 F.2d 944, 947 (9th Cir.1992) (applying *Belden* and concluding that Congress had a rational basis for imposing a harsher sentence for marijuana manufacturers).

Ibanez–Aguilar argues for a different result in his challenge to § 841(b)(1)(B)(vii) because of changes that occurred in 1995 to the sentencing guidelines, approved by Congress. Before 1995, section 2D1.1(c) of the Sentencing Guidelines equated one plant with one kilogram of marijuana—if more than 50 plants were involved—for the purpose of determining the appropriate offense level. *See* U.S.S.G. § 2D1.1(c).

The current less severe version of § 2D1.1(c) equates one plant with 100 grams of marijuana regardless of the number of plants. *See* U.S.S.G. § 2D1.1(c), cmt. n. 1. Under the current sentencing scheme for marijuana growers like Ibanez–Aguilar, the ratio for the purpose of setting the guideline range is one plant to 100 grams of marijuana. *See id.* In contrast, imposition of the five year minimum mandatory sentence is still triggered by growing 100 plants or possessing 100 kilograms of marijuana—a ratio of one plant to one kilogram. *See* 21 U.S.C. § 841(b)(1)(B)(vii). Unlike the 1995 change to the guidelines, Congress has chosen not to change the ratio that triggers the five year minimum mandatory sentence.

It thus appears that Congress wishes to continue to impose higher culpability for marijuana growers compared to those who possess the product through imposition of minimum mandatory sentences, but that Congress does not wish to continue to doubly penalize growers by subjecting them to more severe guideline ranges than those that apply to possessors of marijuana. In short, the current version of § 2D1.1(c) of the Sentencing Guidelines could result in the imposition of a sentence that is less severe on growers than would have been imposed under the pre–1995 guidelines.[2] This less severe result does

---

1. *Belden* involved a challenge to the equivalency ratio set forth in U.S.S.G. § 2D1.1(c). 957 F.2d at 676. We noted that the sentencing guidelines ratio mirrored the ratio for triggering mandatory minimum prison terms under 21 U.S.C. §§ 841(b)(1)(A)(vii) and (b)(1)(B)(vii). *Id.*

2. For example, the base offense level for a defendant such as Ibanez–Aguilar with no prior criminal history convicted of possessing 733 marijuana plants under the current, post–1995 version of § 2D1.1(c) is 21. *See* U.S.S.G. § 2D1.1(c). An offense level of 21

corresponds to a sentence of 37–56 months (less than the five-year mandatory minimum). U.S.S.G. § 5A. Under the old equivalency ratio, the same number of plants would equal ten times the amount of cut marijuana, and would correspond to a base offense level of 30. U.S.S.G. § 2D1.1(c). The sentencing range, rather than 37–56 months, would be from 97–121 months (more than the five year minimum). *See* U.S.S.G. § 5A. This example is merely illustrative and does not account for the other factors involved in sentence calcula-

not undermine the basis of our earlier decisions that Congress can rationally penalize marijuana growers more severely than those who possess marijuana. *See Jordan,* 964 F.2d at 947; *Belden,* 957 F.2d at 676.

AFFIRMED.

tion, such as role in the offense or acceptance of responsibility. *See* U.S.S.G. § 1B1.1.

