**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Manuel GUATEMALA MARTINEZ, aka Manuel Guatemala, Defendant—Appellant.**

No. 04–50141.

D.C. No. CR–03–00889–R–3.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 19, 2005.

Decided Jan. 6, 2006.

Damian J. Martinez, USLA—Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff—Appellee.

George W. Buehler, Geragos & Geragos, Los Angeles, CA, for Defendant—Appellant.

Before PREGERSON, CLIFTON, and BYBEE, Circuit Judges.

## MEMORANDUM *

Manuel Guatemala Martinez appeals the district court's sentence of 188 months in prison following his guilty plea to one count of knowingly and intentionally possessing more than three kilograms of pseudoephedrine in violation of 21 U.S.C. § 841(c)(2). The facts and procedural history are known to the parties and are not recounted here.

First, we reject defendant's Sixth Amendment challenge that the district court erred in refusing to grant a 3-level downward departure under U.S. Sentencing Guideline § 2D1.11(b)(2) after finding defendant knew the pseudoephedrine would be used to manufacture a controlled substance. The denial of a 3-level departure was appropriate, because the district court reasonably inferred (based upon admissions in the plea agreement and during the plea colloquy) that he knew or reasonably believed that the pseudoephedrine in his possession would be used to manufacture methamphetamine. However, given that the application of the guidelines is now discretionary, we remand to the district court to determine if it would have

---

imposed a materially different sentence had it known the guidelines were advisory. *See United States v. Ameline,* 409 F.3d 1073, 1084–85 (9th Cir.2005) (en banc).

■ Similarly, we reject defendant's equal protection argument that the 30–level cap applied to a defendant found to have played a mitigating role under § 2D1.1 should also apply to sentences under § 2D1.11. The defendant has not proven that this classification is not related to a legitimate government interest. *See United States v. Ellefson,* 419 F.3d 859, 865–66 (8th Cir.2005) (rejecting an identical equal protection challenge to § 2D1.11). We have recognized that there is nothing irrational about sentencing similar, but distinct, crimes differently. *See e.g., United States v. Jordan,* 964 F.2d 944, 947 (9th Cir.1992). Defendant bears the high burden of demonstrating that "the relevance of the distinction ... is not even debatable.... [H]e cannot merely show that the legislature was mistaken in creating the classification, but rather he must prove that there exist no legitimate grounds to support the classification." *United States v. Harding,* 971 F.2d 410, 413 (9th Cir.1992) (citations omitted). Here, there are several conceivable, legitimate grounds for the classification. Congress could have believed that possessors of a precursor chemical under § 2D1.11 should be punished more severely than those who manufacture narcotics under § 2D1.1. In the Methamphetamine Anti–Proliferation Act of 2000, Pub.L. 106–310, 114 Stat. 1238, for example, Congress toughened penalties for possessors of precursor chemicals, and the Sentencing Commission's subsequent decision not to apply the 30–level cap to these criminals may reflect Congress's intent to punish them more severely. Moreover, because a defendant sentenced under § 2D1.1 is subject to more enhancements than a defendant under § 2D1.11, Congress may have intended to provide a base level cap under § 2D1.1 and not § 2D1.11.

■ Third, the district court did not abuse its discretion by admitting into evidence hearsay statements tending to show that defendant knew that the pseudoephedrine in his possession would be used to manufacture methamphetamine. *See United States v. Berry,* 258 F.3d 971, 976–77 (9th Cir.2001) (concluding that hearsay statements were sufficiently corroborated to provide the minimal indicia of reliability necessary to qualify for consideration during sentencing). Here, the hearsay evidence was sufficiently corroborated by defendant's signed plea agreement, his testimony during the plea colloquy, and his prior methamphetamine conviction.

■ Fourth, the district court's finding that Guatemala Martinez played a "minor" and not a "minimal" role in the trafficking was not clearly erroneous. Downward adjustments based on a minor or minimal role in the offense are granted only in exceptional circumstances. *See United States v. Cordova Barajas,* 360 F.3d 1037, 1042 (9th Cir.2004). Defendant argues he was an unwitting front man and is therefore entitled to a minimal role adjustment. However, defendant knew he was in possession of illegal drugs and accepted money for his participation in the criminal activity, two factors sufficient to deny a minor role adjustment under *United States v. Davis,* 36 F.3d 1424, 1436–37 (9th Cir.1994).

■ Finally, Federal Rule of Criminal Procedure 32(i)(3)(B) does not require a district court to make findings on any objections raised to a presentence report. Rather, the Rule requires only that a court "rule on the dispute or determine that a ruling is unnecessary." Here, the district

court specifically overruled defendant's objections.

The district court's sentencing determinations and evidentiary rulings are **AFFIRMED** and the case is **REMANDED** under *Ameline,* 409 F.3d at 1084–85, to determine whether the district court would have imposed a materially different sentence had it known the guidelines were advisory.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.