UNITED STATES of America,
Plaintiff–Appellee,

v.

David Brian BEAVER, Defendant–
Appellant.

No. 92–10224.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 21, 1992.*

Decided Jan. 25, 1993.

Jeffrey L. Staniels, Asst. Federal Public Defender, Sacramento, CA, for the defendant-appellant.

Eugene Illovsky, Samuel Wong, Asst. U.S. Attys., Sacramento, CA, for plaintiff-appellee.

Before TANG, NOONAN, and T.G. NELSON, Circuit Judges.

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App.P. 34(a); 9th Cir.R. 34–4.

PER CURIAM:

David Beaver appeals from his sentence, imposed following a guilty plea, for conspiracy to manufacture marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846. Beaver contends that the district court erred by applying the plant-to-weight conversion table set forth in the United States Sentencing Guidelines because (1) the table conflicts with 21 U.S.C. § 841(b)(1)(B)(vii), and (2) because the Sentencing Commission ignored the mandate of 28 U.S.C. § 994 when promulgating the table and violated that statute by including immature plants in the sentence calculation. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

■ We review de novo the legality of a sentence. *United States v. Jordan*, 964 F.2d 944, 946 (9th Cir.), *cert. denied*, —— U.S. ——, 113 S.Ct. 478, 121 L.Ed.2d 384 (1992).

Beaver was arrested in July 1991 after federal agents raided his marijuana growing site and seized several hundred plants and seedlings. At sentencing, Beaver contested both the number of plants and seedlings and the potential yield of the seedlings, arguing that the seedlings could never have yielded any salable marijuana because they would not have reached maturity by the end of the growing season in September. The district court reviewed photographs and videotapes of the evidence and ruled that Beaver possessed in excess of 700 hundred plants, including 330 plants in the garden and 370 in the seedling bed. The district court made no finding on the potential yield of the seedlings. Pursuant to 21 U.S.C. § 841(b)(1)(B)(vii) and U.S.S.G. § 2D1.1, the district court equated each plant with one kilogram of marijuana and assigned Beaver a base offense level of 30 for possessing between 700 and 1000 kilograms.

A. 21 U.S.C. § 841(b)

■ Beaver argues that although section 841(b)(1)(B)(vii) specifies that "100 or more" plants will trigger the five-year mandatory minimum applicable to 100 or more kilograms of marijuana, the statute's silence with respect to the exact treatment of plants in excess of 100 raises an ambiguity which the Sentencing Commission misinterpreted in its plant-to-weight tables.[1] Beaver concedes that section 841(b)(1) treats the first 100 plants as equivalent to 100 kilograms in order to invoke the five-year mandatory minimum sentence, and treats a total of 1000 plants as equivalent to 1000 kilograms in order to invoke the ten-year mandatory minimum. Nonetheless, he argues that because the statute is "silent" with respect to plants in excess of 100 but less than 1000, they are "excluded" from the plant-kilogram equation and can be used to increase a defendant's sentence only in proportion to their possible yield. This argument lacks merit.

Contrary to Beaver's contention, the statute is not silent with respect to plants other than in exact numbers of 100 or 1000. Section 841(b)(1)(D) defines the penalty for offenses involving less than 50 kilograms of marijuana "except in the case of 50 or more" plants "regardless of weight." Taken in conjunction with section 841(b)(1)(A)(vii)'s treatment of "1000 or more" plants as equivalent to 1000 or more kilograms and section 841(b)(1)(B)(vii)'s treatment of "100 or more" plants as equivalent to 100 or more kilograms, the statute clearly expresses congressional intent that marijuana plants be measured according to their potential yield only if the defendant possessed fewer than fifty. We interpret the entire statute "harmoniously as a whole" to determine its intent. *See United States v. Quesada*, 972 F.2d 281, 283 (9th Cir.1992).

■ We have previously held that the equivalency ratio in U.S.S.G. § 2D1.1 is rationally related to a legitimate intent to punish manufacturers more harshly than others in the distribution chain, and that

1. The Guidelines commentary instructs that in cases involving fifty or more marijuana plants, the Commission has interpreted sections 841(b)(1)(A), (B), and (D) to mean that each plant should be treated as the equivalent of one kilogram of marijuana for sentencing purposes. U.S.S.G. § 2D1.1, comment. (backg'd).

the ratio does not purport to relate to the actual yield of a particular plant. *Jordan,* 964 F.2d at 947. " '[T]he section's rationality lies in its recognition of a higher level of culpability for marijuana growers compared to those who merely possess the harvested product.' " *Id.* (quoting *United States v. Belden,* 957 F.2d 671, 676 (9th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 234, 121 L.Ed.2d 169 (1992)). The statute is not ambiguous and there is simply no indication, in the statute or elsewhere, that Congress meant to impose the plant-kilogram equivalency only with respect to exact quantities of 100 and 1000 plants, while examining the actual yield of the plants falling in between these numbers. The Sentencing Commission's interpretation as expressed in U.S.S.G. § 2D1.1 is entirely consistent with congressional intent as expressed in section 841(b)(1). *See Jordan,* 964 F.2d at 947.

**B. 28 U.S.C. § 994**

■ Beaver also contends that the district court should have made a ruling on the seedlings' yield capacity and that the Sentencing Commission did not properly consider the factors set forth in 28 U.S.C. § 994(c)(1)–(7) before deciding to include immature plants in the calculation of a marijuana producer's sentence. These contentions similarly lack merit.

Section 841(b)(1) expressly disregards the weight of individual marijuana plants if the defendant is found in possession of more than fifty plants. *See* 21 U.S.C. § 841(b)(1)(D); *Belden,* 957 F.2d at 675. 28 U.S.C. § 994(c), which directs the Sentencing Commission to consider whether certain factors are relevant to the calculation of a sentence within the statutory limits prescribed by Congress, does not authorize the Commission to override congressional intent as expressed in individual criminal statutes. *See* 28 U.S.C. § 994(b)(1) ("[t]he Commission, in the guidelines ..., shall, for each category of offense involving each category of defendant, establish a sentencing range that is consistent with all pertinent provision of title 18, United States Code"). Accordingly, the Commission could not have promulgated a sentencing

scheme which would lessen the penalty for defendants whose 50 or more marijuana plants included immature plants with no potential yield. *See Belden,* 957 F.2d at 675.

■ Beaver does not dispute the district court's finding as to the total number of plants and seedlings, but contends that the district court erred by ignoring undisputed evidence of the seedlings' lack of potential yield. Because the Guidelines mandate consideration of all plants in a grower's possession regardless of maturity, the district court did not need to address Beaver's contention that some of his seedlings would not have reached maturity by the end of the growing season.

AFFIRMED.