2 F.3d 1158
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Patrick CARSON, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Bart Charles O'BRIEN, Defendant-Appellant.
 No. 92-50365.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 25, 1993.*
Decided July 8, 1993.
 
 Before CANBY, FERNANDEZ and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 In these companion appeals, Patrick Carson and Bart Charles O'Brien appeal their sentences imposed following entry of guilty pleas to manufacture of marijuana in violation of 21 U.S.C. Sec. 841(a)(1). We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 Carson contends that application to him of U.S.S.G. Sec. 2D1.1, which equates one marijuana plant with one kilogram of marijuana, violates due process because he is not a commercial grower of marijuana.
 
 
 4
 Counsel for Bart Charles O'Brien has submitted a brief pursuant to Anders v. California, 386 U.S. 738 (1967), identifying three possible issues for review: (1) U.S.S.G. Sec. 2D1.1, which equates one marijuana plant to one kilogram of marijuana, violates due process; (2) application of mandatory minimum sentences based on the number of marijuana plants possessed, regardless of the plant's ability to produce marijuana, is a violation of due process and equal protection; and (3) the district court erred by failing to grant him a downward departure based upon his lack of youthful guidance.[1] Counsel also filed a motion to withdraw as counsel of record.
 
 
 5
 We have recently rejected claims identical to those raised by O'Brien that U.S.S.G. Sec. 2D1.1 violates due process, holding that "arriving at an offense level by equating one marijuana plant to one kilogram of marijuana has a rational basis and withstands due process challenge." United States v. Belden, 957 F.2d 671, 676 (9th Cir.), cert. denied, 113 S.Ct. 234 (1992). In rejecting due process claims challenging the validity of section 2D1.1, we noted that "it is not irrational to assume that the number of plants seized in large grows, which are likely to be ongoing operations, probably represents less than the number of plants actually harvested." Id. Because this rationale applies even to those growers who, like Carson, may merely be growing marijuana for personal use, Carson's claim must also fail.
 
 
 6
 We have also previously rejected challenges to the validity of the quantity-based mandatory minimum sentences imposed under 18 U.S.C. Sec. 841(a)(1), see United States v. Savinovich, 845 F.2d 834, 839 (9th Cir.), cert. denied, 488 U.S. 943 (1988); see also Chapman v. United States, 111 S.Ct. 1919, 1928 (1991) (quantity-based mandatory minimum sentencing scheme does not violate due process or equal protection), as well as the argument that only producing marijuana plants should be considered for purposes of establishing quantity, see United States v. Barton, No. 92-30304, slip op. 6133, 6144-45 (9th Cir. June 15, 1993) (male plants are included in the plant count); United States v. Beaver, 984 F.2d 989, 991 (9th Cir.1993) (per curiam) (marijuana seedlings are included in the plant count).
 
 
 7
 Finally, where, as here, it is clear from the record that the district court's decision not to depart was based on an exercise of discretion and not on the judge's belief that a departure on the grounds requested was prevented as a matter of law, we have no jurisdiction to review the district court's decision. See Belden, 957 F.2d at 676.
 
 
 8
 The motion of O'Brien's counsel to withdraw is GRANTED and both sentences are AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Our independent review of the record pursuant to Penson v. Ohio, 488 U.S. 75, 83 (1988), discloses no other issues for review