24 F.3d 251
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Daryl J. SCHEFFER, Defendant-Appellant.
 No. 93-30346.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 5, 1994.
Decided May 12, 1994.
 
 Before: SCHROEDER, BOOCHEVER, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Daryl J. Scheffer pled guilty to one count of manufacturing marijuana in violation of 21 U.S.C. Sec. 841(a)(1) (1988). He appeals, alleging errors by the district court in denying him a hearing on his motion to suppress and in sentencing. We affirm.
 
 I. The Motion to Suppress
 
 3
 Scheffer claims the district court erred in denying, without an evidentiary hearing, his motion to suppress the marijuana and other evidence seized during the search of his home. Because he did not expressly preserve his right to appeal from the district court's order denying his motion to suppress, and because his claim does not implicate the district court's jurisdiction, his guilty plea waives his right to appeal this issue.
 
 
 4
 "[A] guilty plea erases claims of constitutional violation arising before the plea." United States v. Montilla, 870 F.2d 549, 552 (9th Cir.1989), amended, 907 F.2d 115 (9th Cir.1990). A defendant who pleads guilty may nevertheless raise on appeal any specific issues he or she reserves in writing. United States v. Echegoyen, 799 F.2d 1271, 1276 (9th Cir.1986). See also United States v. Barton, 995 F.2d 931, 933 (9th Cir.) (where defendant in plea agreement reserved right to appeal district court order denying motion to suppress, review allowed), cert. denied, 114 S.Ct. 413 (1993). Scheffer's plea agreement reserved only the right to argue the amount or quantity of marijuana considered at sentencing.
 
 
 5
 The other exception to the general rule that a voluntary guilty plea forecloses collateral attacks on the conviction is "where on the face of the record the court had no power to enter the conviction or impose the sentence." United States v. Broce, 488 U.S. 563, 569 (1989). These "jurisdictional" exceptions include claims that the applicable statute is unconstitutional, that the indictment failed to state an offense, and certain claims of double jeopardy. Montilla, 870 F.2d at 552. See also United States v. Sandsness, 988 F.2d 970, 971 (9th Cir.1993) (allowing claim after guilty plea that criminal statute is unconstitutional). Appellate review under these exceptions is "limited ... to cases in which the judge could determine at the time of accepting the plea, from the face of the indictment or from the record, that the government lacked the power to bring the indictment." Montilla, 870 F.2d at 552. See also Broce, 488 U.S. at 575.
 
 
 6
 Scheffer does not present such a "jurisdictional" issue on appeal. Whether the evidence seized in the search of his home was admissible at trial does not implicate the government's power to indict him. We thus decline to address his challenge to the district court's ruling on the motion to suppress.
 
 II. The Amount of Marijuana
 
 7
 Scheffer also claims the district court erred at sentencing in finding 36 hydroponic marijuana plants eligible for inclusion in the determination of the amount of drugs seized from his home. We review the district court's factual finding that the plants were eligible to be counted for clear error. United States v. Robinson, 967 F.2d 287, 293 (9th Cir.1992).
 
 
 8
 The district court included the 36 hydroponic plants and determined that there were 97 marijuana plants in total. United States Sentencing Commission, Guidelines Manual, Sec. 2D1.1(c) (Nov. 1992) states that if the offense involves more than 50 marijuana plants, each individual plant is to be treated as equivalent to one kilogram of marijuana. The resultant 97 kilograms under the Guidelines, plus the ten pounds of dried marijuana also found in Scheffer's home, brought the total weight of marijuana to above 100 kilograms, which under Guideline Sec. 2D1.1(c)(9) resulted in a base offense level of 26 points. If the hydroponic plants had not been counted, Scheffer's base level would have been 22 under Guideline Sec. 2D1.1(c)(11).
 
 
 9
 Marijuana plants are counted under the Guidelines regardless of their maturity or potential for abuse. United States v. Beaver, 984 F.2d 989, 991 (9th Cir.1993) (per curiam); United States v. Traynor, 990 F.2d 1153, 1160 (9th Cir.1993). Plants or cuttings will be counted if their degree of root formation makes it possible for them to survive. United States v. Carlisle, 907 F.2d 94, 96 (9th Cir.1990) (per curiam).
 
 
 10
 At the sentencing hearing, the judge heard testimony from Scheffer and from Detective Timothy O'Connell, the officer who searched Scheffer's home, regarding the marijuana plants seized. Thirty-six plants were growing in hydroponic containers. Scheffer testified that these plants had never formed roots and were dead at the time of the search on February 19, 1993. O'Connell testified that the plants had formed root hairs visible when the plants were held up to the light. O'Connell also testified that the plants had no visible roots when inspected more than six months later on September 2, 1993, the day before the sentencing hearing, because after the lengthy dry storage, the roots had dried up.
 
 
 11
 The district court did not clearly err in determining that the hyroponic plants qualified to be counted under the Guidelines. The government introduced testimony that the plants had formed roots at the time of the search. Scheffer's testimony was the only evidence to the contrary. The district court was not required to accept Scheffer's self-serving version of events. See United States v. Gavilan, 966 F.2d 530, 532 (9th Cir.1992).
 
 III. Expert Testimony
 
 12
 Scheffer also claims that the district court erred in allowing O'Connell to testify as an expert on whether the root hairs were sufficient to sustain the marijuana plants and on the state of the root hairs on the day before sentencing.
 
 
 13
 Contrary to Scheffer's claims, the district court did not allow O'Connell to testify as an expert regarding the root systems. Following an objection by Scheffer's counsel, the court limited O'Connell to testifying as to what he saw. Later in the hearing, the court did take judicial notice of O'Connell's previous testimony as an expert in drug cases. The court then allowed him to testify regarding the purpose of lights and timers in growing marijuana with enhanced levels of THC, and about whether the bagged amounts of marijuana found were consistent with quantities normally sold on the street.
 
 
 14
 O'Connell thus did not testify as an expert regarding the issue Scheffer raises on appeal. His expert testimony did not address whether the roots on the plants were sufficiently developed to allow the plants to survive. Instead, O'Connell only testified as an expert to rebut Scheffer's story that he planned to use the marijuana leaves for decoupage, stating that the items found in the search were consistent with the use and sale of marijuana as a drug. We need not consider whether that testimony was proper, as Scheffer does not assign it as error.
 
 IV. Acceptance of Responsibility
 
 15
 Scheffer claims the district court erred in failing to grant him an additional one-level reduction for acceptance of responsibility. Scheffer received a two-level reduction under Guideline Sec. 3E1.1(a), but claims he also was entitled to an additional reduction of one level under Guideline Sec. 3E1.1(b), which requires the extra reduction if the defendant either "(1) timely provid[es] complete information to the government concerning his own involvement in the offense; or (2) timely notif[ies] authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently." See United States v. Colussi, No. 93-50140, slip op. 3761, 3765 (9th Cir. Apr. 18, 1994) (one-point reduction is mandatory when requirements of Sec. 3E1.1(b) are met). We review for clear error the district court's factual findings underlying the district court's decision whether Scheffer satisfied either subsection (b)(1) or (b)(2). Id. at 3767.
 
 
 16
 The plea agreement provided that Scheffer would be available for debriefing, and that "[t]he U.S. Attorney and investigating agents shall be the sole determiners of the truthfulness and completeness of defendant's debriefing." The agreement stated that Scheffer was entitled to a two-level reduction for acceptance of responsibility, with the possibility of an additional one-level reduction subject to debriefing. Scheffer was debriefed by the government following his plea agreement, and submitted to polygraph examinations.
 
 
 17
 The initial presentence report ("PSR") recommended a two-level reduction for acceptance of responsibility, and did not address whether Scheffer was entitled to an additional one-level reduction. Scheffer filed an objection to the report claiming that he was entitled to the extra reduction as a result of his debriefing. An addendum to the PSR responded that Scheffer had finalized his plea agreement with the government only the Friday evening before the Monday on which trial was to begin, and added
 
 
 18
 Concerning the issue of debriefing raised by the defendant through counsel, it is the Government's position that the defendant has been less then [sic] truthful during this process. However this issue is not primary in determining if the defendant should be granted an additional one point decrease in acceptance of responsibility.
 
 
 19
 The defendant clearly did not notify authorities of his intention to enter a plea of guilty at a sufficient early point in the process so that the Government could avoid preparing for trial and allow the Court to schedule its calendar efficiently.
 
 
 20
 Therefore, it is the opinion of the United States Probation Officer that the above guideline concerning 3E1.1, acceptance of responsibility has properly been applied.
 
 
 21
 At the sentencing hearing, Scheffer did not argue his entitlement to an additional reduction, and the judge stated that he was allowing only two points for acceptance of responsibility. In his sentencing order, the judge adopted the factual findings of the PSR.
 
 
 22
 By adopting the factual findings of the presentence report, the district court adequately explained its basis for resolving the dispute over the additional reduction. Colussi, slip. op. at 3766; United States v. Rigby, 896 F.2d 392, 394 (9th Cir.1990). The court's findings were not clearly erroneous. Section 3E1.1(b)(1) was not satisfied, as Scheffer had provided less than complete information regarding his offense, by continuing to maintain that the marijuana was intended only for use in decoupage.
 
 
 23
 Nor did Scheffer comply with Guideline Sec. 3E1.1(b)(2), as he did not notify authorities of his intention to plead guilty soon enough to permit the government to avoid trial preparations. The court set the trial for June 21, 1993, and set June 11, 1993 as the last date for the receipt of a plea agreement. Scheffer, however, did not file his plea agreement until the day set for trial, after the government had filed its proposed voir dire questions, proposed instructions, and requests for service of subpoenas.
 
 
 24
 The district judge did not err in refusing to grant the additional one-level reduction.
 
 
 25
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3