34 F.3d 1074
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Daryl PEARSON, Defendant-Appellant.
 No. 94-30030.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 23, 1994.*
Decided Aug. 26, 1994.*
 
 Before: WALLACE, Chief Judge, HUG and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Daryl Pearson appeals the 64-month sentence imposed following his entry of a guilty plea to manufacturing marijuana in violation of 21 U.S.C. Sec. 841(a)(1). Pearson contends that the district court erroneously set his base offense level by determining that 86 marijuana plants that he possessed equaled 86 kilograms of marijuana, pursuant to U.S.S.G. Sec. 2D1.1. We affirm.
 
 
 3
 * Jurisdiction
 
 
 4
 The government contends, without citing any authority, that we lack jurisdiction over this appeal because the district court announced its intention at sentencing to grant a motion brought pursuant to Fed.R.Crim.P. 35(b) and reduce Pearson's sentence at a future date.
 
 
 5
 A judgment of conviction that includes a sentence of imprisonment is a final judgment, notwithstanding the fact that the sentence may be modified subsequently pursuant to Rule 35. See 18 U.S.C. Sec. 3582(b), (c). Moreover, "[t]he filing of a notice of appeal is an event of jurisdictional significance--it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982).
 
 
 6
 The district court sentenced Pearson to prison; accordingly the judgment entered by the district court is final. Because Pearson filed a notice of appeal, we have jurisdiction and the district court lacks jurisdiction to decide the pending Rule 35(b) motion. See id.; see also United States v. Ortega-Lopez, 988 F.2d 70, 72 (9th Cir.1993) (district court without jurisdiction to entertain Rule 35(a) motion after notice of appeal filed). But see Fed.R.App.P. 4(b) (notice of appeal does not deprive district court of jurisdiction to decide Rule 35(c) motion; Rule 35(c) motion does not affect validity of notice of appeal).
 
 II
 Conversion Factor
 
 7
 Pearson argues that the district court should have used the conversion factor of one marijuana plant equaling 100 grams of marijuana because 21 U.S.C. Sec. 841(b)(1)(C) is ambiguous as to the appropriate conversion factor for cases involving fifty or more marijuana plants, and the Sentencing Commission's determination that one marijuana plant equals one kilogram of marijuana in cases where fifty or more marijuana plants are involved is not a reasonable interpretation of 21 U.S.C. Sec. 841(b)(1).
 
 
 8
 We review the legality of a sentence de novo. United States v. Jordan, 964 F.2d 944, 946 (9th Cir.), cert. denied, 113 S.Ct. 478 (1992).
 
 
 9
 We have addressed an argument similar to Pearson's previously, and found that 21 U.S.C. Secs. 841(b)(1)(A), (B), and (D) were not ambiguous, and that the Sentencing Commission's plant-kilogram equivalency in U.S.S.G. Sec. 2D1.1, comment. (backg'd) "is entirely consistent with congressional intent as expressed in section 841(b)(1)." United States v. Beaver, 984 F.2d 989, 991 (9th Cir.1993). Although our analysis did not mention Sec. 841(b)(1)(C) or Pearson's specific claims, we find Beaver 's reasoning determinative of Pearson's claims.
 
 
 10
 Section 841(b)(1)(C), read together with sections 841(b)(1)(A), (B), and (D), sets forth the maximum sentence applicable to offenses involving either fifty or more kilograms of marijuana, or fifty or more marijuana plants. We found in Beaver that Sec. 841(b)(1)(A) equated 1000 or more plants to 1000 or more kilograms, and that Sec. 841(b)(1)(B) equated 100 or more plants to 100 or more kilograms. Id. at 990. Similarly, we find that the only sensible interpretation of Secs. 841(b)(1)(C) is that fifty or more plants is equivalent to fifty or more kilograms. See id. For the same reasons that we found in Beaver that Secs. 841(b)(1)(A), (B), and (D) are not ambiguous, we find that section 841(b)(1)(C) is not ambiguous. See id. 990-91. As we also found in Beaver and reiterate here, Sec. 841(b)(1) as a whole "expresses congressional intent that marijuana plants be measured according to their potential yield only if the defendant possessed fewer than fifty." Id. at 990. Given this intent and the plain meaning of Sec. 841(b)(1)(C), the Sentencing Commission's plant-kilogram equivalency for cases involving fifty or more plants is reasonable and entirely consistent with the statute. See id. at 990-91; see also Jordan, 964 F.2d at 947 (plant-kilogram equivalency rationally related to legitimate intent to punish growers of marijuana more harshly than others in the distribution chain).
 
 
 11
 We reject Pearson's argument that Beaver should be overruled because a three-judge panel of the court cannot overrule Ninth Circuit precedent. United States v. Lucas, 963 F.2d 243, 247 (9th Cir.1992). Accordingly, we find that the district court did not err by equating 86 marijuana plants to 86 kilograms of marijuana.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3