**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Florencio ORTEGA–LOPEZ, Defendant–Appellant.**

**No. 92–50054.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 3, 1992 *.

Decided March 3, 1993.

As Amended May 28, 1993.

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App.P. 34(a) and Ninth Circuit Rule 34–4.

Before: WALLACE, Chief Judge,
TROTT and T.G. NELSON, Circuit Judges.

TROTT, Circuit Judge:

I

Appellant was indicted in the Southern District of California on one count of possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) (1988), and one count of assault on a federal officer, in violation of 18 U.S.C. § 111. Appellant pled guilty to Count 1 of the indictment, pursuant to a written plea agreement filed with the court.

On November 25, 1991, the district court sentenced appellant to 70 months of custody. Defense counsel asked the court to depart downward from the Guideline range of 70 to 87 months to the minimum required under 21 U.S.C. § 841(a)(1), 60 months. The court sentenced the appellant to precisely what the Guidelines require and what the government recommended in accordance with the plea agreement, 70 months in custody. The final entry of judgment was filed on December 10, 1991. Appellant filed a notice of appeal on the same day.

Appellant did not speak with the judge during the November 25, 1991 sentencing proceeding, nor did he request the right to allocute. On January 27, 1992, at the request of defense counsel, the court heard defense counsel's oral motion under Fed. R.Crim.P. 35(a) to correct the sentence. Defense counsel alleged the sentence was illegal because the defendant did not have the opportunity to allocute as required under Fed.R.Crim.P. 32(c)(3)(A). At the hearing, the court permitted appellant to allocute. The court then affirmed the previous sentence of 70 months of custody.

Steven J. Riggs, Federal Defenders of San Diego, Inc., San Diego, CA, for defendant-appellant.

Timothy D. Coughlin, Asst. U.S. Atty., San Diego, CA, for plaintiff-appellee.

Appellant now contends the district court's affirmance of its sentence on January 27, 1992 was invalid. Appellant claims the district court did not have jurisdiction after the date the notice of appeal was filed, December 10, 1991. Appellant urges the November 25, 1991 sentence must now be vacated and the district court must sentence him anew after he has been accorded his rights under Fed.R.Crim.P. 32(c)(3)(A). We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291.

## II

■ Appellant argues the district court did not have jurisdiction to affirm the November 25, 1991 sentence at the January 27, 1992 hearing because a notice of appeal had already been filed. Whether the district court had jurisdiction to affirm the sentence of November 25, 1991 on January 27, 1992 is a question of law which is reviewed de novo. *United States v. McConney*, 728 F.2d 1195, 1202 (9th Cir.) (en banc), *cert. denied*, 469 U.S. 824, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984).

■ The filing of a notice of appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58, 103 S.Ct. 400, 401, 74 L.Ed.2d 225 (1982). The application of this general rule to Rule 35(a) motions has been the subject of conflict among the circuits. *See Doyle v. United States*, 721 F.2d 1195, 1197–98 (9th Cir. 1983) (listing cases). The conflict arose, in part, because Rule 35(a) used to state that a court could "correct an illegal sentence at any time." Fed.R.Crim.P. 35(a), *Federal Criminal Code and Rules*, (1987 Edition). Some circuits nonetheless applied the general rule and held that the filing of a direct appeal divested the trial court of jurisdiction over Rule 35(a) motions. *See United States v. Prows*, 888 F.2d 100, 101 (11th Cir.1989) (citing *Shewchun v. United States*, 797 F.2d 941, 942 (11th Cir.1986)). Others, including our own, held that it did not. *See Doyle*, 721 F.2d at 1198.

Congress has since amended Rule 35(a), and it is now clear that a district court is divested of jurisdiction once a notice of appeal has been filed from the original sentence. *See* Fed.R.Crim.P. 35(a), *Federal Criminal Code and Rules*, (1991 Edition). The amended rule provides that district courts are to "correct a sentence that is determined on appeal ... to have been imposed in violation of law, ... upon remand of the case to the court." Fed.R.Crim.P. 35(a). The purpose of the revision was to ensure that "the sentence imposed in the public forum during the sentencing hearing would remain constant, immune from later modification." *United States v. Cook*, 890 F.2d 672, 674–75 (4th Cir.1989) (citing legislative history).

The district court therefore lacked jurisdiction to hear on January 27, 1992, the oral motion made pursuant to Federal Rule of Criminal Procedure 35(a). The government's reliance on *Doyle*, 721 F.2d at 1198, is misplaced, as that case was decided in 1983 and applied the unamended version of Rule 35(a). Thus, we hold the district court did not have jurisdiction to hear the Rule 35(a) motion.

## III

■ The parties agree the district court erred when it failed to afford appellant his right of allocution. This court reviews the district court's failure to afford appellant his right of allocution for harmless error. *United States v. Mejia*, 953 F.2d 461, 465 (9th Cir.1991), *cert. denied*, — U.S. ——, 112 S.Ct. 1983, 118 L.Ed.2d 581 (1992); *Boardman v. Estelle*, 957 F.2d 1523, 1530 (9th Cir.), *cert. denied*, — U.S. ——, 113 S.Ct. 297, 121 L.Ed.2d 221 (1992).

In *Mejia*, we held that when a district court imposes a sentence that is "already as short as it could possibly be under the

Guidelines," its error in not offering the defendant the opportunity to speak before sentencing may be harmless. *Mejia*, 953 F.2d at 468. In the instant case, appellant's sentence was already as short as it possibly could be under the Guidelines, and his counsel's motion to depart downward was considered and denied. Defendant provided no additional information in the second hearing which would have given the court a basis for downward departure. Nor does he argue on appeal that there is a basis for the trial court to depart downward.

*United States v. Medrano*, 986 F.2d 299, 302–03 (9th Cir.1993), is not to the contrary. There, defense counsel did not request a downward departure. We stated in that circumstance we could not say the district court had "used all the discretion it had available." *Id.* at 302, quoting *Mejia*, 953 F.2d at 468. Here, we are confident that the sentencing court did use all the discretion it had available. The sentencing court heard and considered defense counsel's request, and sentenced appellant at the lowest point on the Guideline range. The court was correct in concluding it had no basis to depart downward from the Guidelines, and appellant has never suggested that some other basis, not presented to the district court, exists to justify a downward departure. Thus, the trial court's failure to afford appellant his right of allocution was harmless error. *Mejia*, 953 F.2d at 468.

AFFIRMED.