59 F.3d 176
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Herman CURLEY, Defendant-Appellant.
 No. 93-10762.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 6, 1995.*
Decided June 12, 1995.
 
 Before: O'SCANNLAIN, LEAVY, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Herman Curley appeals his conviction, following a jury trial, for assault with a dangerous weapon, in violation of 18 U.S.C. Secs. 113, 1153, and his 60-month sentence. Pursuant to Anders v. California, 386 U.S. 738 (1967), Curley's attorney has filed a brief stating that he finds no issues for review. Curley has filed a supplemental pro se brief raising several issues.
 
 
 3
 The only issue counsel identifies is whether the district court erred by rejecting Curley's request for a jury instruction on self-defense. This issue lacks merit because the evidence did not support self-defense. See United States v. Morton, 999 F.2d 435, 437 (9th Cir.1993) ("A defendant is entitled to an instruction on his theory of the case if the theory is legally cognizable and there is evidence upon which the jury could rationally find for the defendant."). Curley testified that Norbert John, the victim, threw rocks at him and challenged him to fight, but Curley denied stabbing John.
 
 
 4
 In his pro se supplemental brief, Curley raises six additional issues. First, he contends that the district court violated Fed.R.Crim.P. 32. When Curley was sentenced, Rule 32 required the probation officer to provide the presentence report (PSR) to the defendant and counsel at least ten days before sentencing. Fed.R.Crim.P. 32(c)(3)(A) (1993). At sentencing, the district court was required to verify that the defendant had reviewed the PSR with counsel, and to "address the defendant personally and determine whether the defendant wishes to make a statement and to present any information in mitigation of the sentence." Fed.R.Crim.P. 32(c)(3)(A), (C); United States v. Ortega-Lopez, 988 F.2d 70, 72 (9th Cir.1993) (defendant has right of allocution at sentencing). The record shows that the district court met these requirements.
 
 
 5
 Second, Curley contends that the district court erred by adopting the PSR regarding sentencing adjustments for obstruction of justice, acceptance of responsibility, and minor or minimal role in the offense. Curley did not object to these findings at the time of sentencing. See United States v. Visman, 919 F.2d 1390, 1394 (9th Cir.1990) (issue waived if no objection in district court), cert. denied, 502 U.S. 969 (1991).
 
 
 6
 Third, Curley contends that the district court erred by finding that it lacked authority to depart downward based on family circumstances. We decline to address this contention because Curley did not request a downward departure in the district court. See United States v. Quesada, 972 F.2d 281, 283-84 (9th Cir.1992), cert. denied, 113 S.Ct. 1348 (1993).
 
 
 7
 Fourth, Curley contends that the district court denied him the right to compulsory process because the government persuaded codefendants Raymond Littleman and Mae Curley Littleman to sign plea agreements that forbade them from testifying in Curley's defense. The record refutes this contention; the Littlemans' plea agreements do not include any agreement not to testify at Curley's trial. The "Factual Basis" sections of the plea agreements state that Curley stabbed John, but Curley has not shown that these statements were false. Cf. United States v. Little, 753 F.2d 1420, 1438 (9th Cir.1984) ("substantial government interference with a defense witness's free and unhampered choice to testify amounts to a violation of due process").
 
 
 8
 Fifth, Curley contends that his attorney provided ineffective assistance because his codefendants pleaded guilty and received sentences of probation, and his attorney did not know until the time of trial that Curley was subject to the statutory maximum 60-month term. We decline to consider this claim, which is more appropriately reserved for collateral attack under 28 U.S.C. Sec. 2255. See United States v. Daly, 974 F.2d 1215, 1218 (9th Cir.1992) (per curiam).
 
 
 9
 Finally, Curley contends that the district court erred by ordering him to pay restitution, but he made no objection below. See United States v. Clack, 957 F.2d 659, 661 (9th Cir.1992) ("Objections to restitution that are not raised in the district court are usually deemed waived.").
 
 
 10
 Our independent review of the record pursuant to Penson v. Ohio, 488 U.S. 75, 83 (1988), discloses no other possible issues for review. We AFFIRM the district court's judgment and GRANT the motion of Philip A. Seplow to withdraw as counsel of record.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3