72 F.3d 136
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Reginaldo HUERTA, Defendant-Appellant.
 No. 95-30033.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 14, 1995.*
Decided Dec. 15, 1995.
 
 Before: BOOCHEVER, FERNANDEZ, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Reginaldo Huerta (hereinafter "Reginaldo," to distinguish him from codefendants with the same last names) appeals the denial of a motion to withdraw made by his counsel on the same day the notice of appeal was filed with the district court.
 
 
 3
 Reginaldo's brief argues that the district court did not make a sufficient inquiry into the request to withdraw under U.S. v. Walker, 915 F.2d 480, 482 (9th Cir.1990). That case has no application, because, as we explain below, the district court lacked jurisdiction to decide the motion, and also because the motion in the case at bar was made by the attorney, not the defendant. The motion did not say that Reginaldo wanted his attorney replaced.
 
 
 4
 A previous motion, filed with the district court prior to the one we consider now, was expressly made at Reginaldo's request because he was dissatisfied with counsel. That motion was subsequently withdrawn in open court. It is not before us.
 
 
 5
 The motion, denial of which is the subject of this appeal, was filed at the same time as the notice of appeal. Generally, the appellate court has jurisdiction over the case once a notice of appeal is filed. Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982); U.S. v. Ortega-Lopez, 988 F.2d 70 (9th Cir.1993). Because the motion to withdraw was filed at the same time as the notice of appeal, it is quite possible that the district judge was not aware, when he denied the motion, that the case was already on appeal.
 
 
 6
 There is no reason why that general jurisdictional principle should not be applied to this case. The then applicable Ninth Circuit Revised Provisions for the Representation on Appeal of Persons Financially Unable to Obtain Representation, implementing 18 U.S.C. Sec. 3006A, said that the attorney was to serve on appeal unless he was relieved "by the Court of Appeals":
 
 
 7
 [C]ounsel appointed under the [Criminal Justice] Act in the District Court shall continue to represent his client on appeal unless or until he is relieved by the Court of Appeals. Such counsel shall continue to act without further order of the Court of Appeals, unless and until he is relieved by the Court of Appeals.
 
 
 8
 9th Cir.R.App.. Sec. 2(a) (now replaced by 9th Cir.R. 4-1(a)). That rule specified that relief from an appointment had to come from the Court of Appeals, not the district court.
 
 
 9
 Because the district court lacked jurisdiction to act on the request, we vacate its order denying the attorney's motion to withdraw. We do not exercise our discretion to treat the motion as though it had been made to this court, and rule upon it, because the motion is not sufficient under Circuit Rule 4-1(c).
 
 
 10
 Counsel is directed to continue with his client's appeal, by filing an appellant's brief within 60 days of the filing of this disposition. Alternatively, he may file with this court within thirty days an appropriate motion to withdraw. The panel does not retain control over further proceedings in this case. It shall be handled as an unbriefed and uncalendared case until the briefing of the issues is complete, and the matter is ready for assignment to a panel of this court for decision.
 
 
 11
 VACATED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for pubilcation and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3