77 F.3d 491
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Donald Frederick MARUTZ, Defendant-Appellant.
 No. 94-10604.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 8, 1995.
Decided Jan. 5, 1996.
 
 Before: WALLACE, Chief Judge, THOMPSON, Circuit Judge, and REA,* District Judge.
 MEMORANDUM
 Donald Marutz appeals from his convictions and sentence for conspiracy to manufacture methamphetamine, 21 U.S.C. §§ 846, 841(a)(1); attempted manufacture of methamphetamine, 21 U.S.C. § 841(a)(1); possession of a listed chemical, 21 U.S.C. § 841(d)(2); and failure to appear, 18 U.S.C. § 3146(a)(1). The district court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction over this timely appeal pursuant to 18 U.S.C. § 1291. We vacate Marutz's sentence and remand for the limited purpose of allowing Marutz to exercise his right of allocution and resentencing.
 Marutz argues that Officer Lindholm's warrantless search of his motel room, and ultimate discovery of his storage-locker receipt, violated the Fourth Amendment. The district court denied Marutz's motion to suppress evidence seized from the motel room. The lawfulness of a search and seizure is a mixed question of law and fact reviewed de novo. United States v. Turner, 28 F.3d 981, 983 (9th Cir.1994), cert. denied, 115 S.Ct. 1117 (1995). Whether exigent circumstances existed presents a mixed question of law and fact that is also reviewed de novo. United States v. Becker, 23 F.3d 1537, 1539 (9th Cir.1994). However, findings of fact and credibility underlying the trial court's determination of exigency are reviewed for clear error. United States v. George, 883 F.2d 1407, 1411 (9th Cir.1989).
 Marutz had a reasonable expectation of privacy in his rooms, United States v. Winsor, 846 F.2d 1569, 1572 (9th Cir.1988) (en banc) (individual renting motel room has same protection as tenant or owner), so the warrantless searches were only justified if they were made pursuant to an exception to the warrant requirement.
 Marutz contends that once the fire had been extinguished, Lindholm's investigation in the unburned unit and subsequent discovery of the locker receipt were not justifiable under any exception to the warrant requirement. The government contends that the entire search effort was valid due to exigent circumstances.
 Our inquiry into the validity of the search is governed by the Supreme Court's decision in Michigan v. Tyler. 436 U.S. 499, 510 (1977) (permitting warrantless entry to extinguish blaze and to determine fire's origin, so as to detect "continuing dangers such as faulty wiring or a defective furnace"). The district court explicitly credited Officer Lindholm's testimony, which revealed that he entered the unburned unit to look for additional hazardous chemicals. The evidence amply supports this finding, and we therefore cannot say that it was clearly erroneous. In addition, Lindholm's decision to call the Hazardous Materials team and his decision to put on protective clothing indicates that he believed additional chemicals in the unburned unit posed a health hazard either by combustion or contamination. See United States v. Echegoyen, 799 F.2d 1271, 1279 (9th Cir.1986) (behavior of officers upon entry of dwelling can indicate exigent circumstances); id. at 1278 (exigent circumstances include "the need to protect or preserve life or avoid serious injury"); United States v. Martin, 781 F.2d 671, 675 (9th Cir.1985) (exigent circumstances justify warrantless entry to determine cause of explosion and to ensure that additional explosions do not occur). We therefore agree with the district court that the potential presence of dangerous chemicals in the unburned unit presented exigent circumstances that justified Lindholm's warrantless entry to search for additional chemicals. Once in the unit, Lindholm properly seized the storage locker receipt, which was in plain view.
 None of the cases Marutz cites helps him. United States v. Hoffman, 607 F.2d 280 (9th Cir.1979), is inapposite because the shotgun posed no immediate danger. Similarly, United States v. Warner, 843 F.2d 401 (9th Cir.1988), involved circumstances that were not exigent because there had been no fire, but only a landlord's speculation about chemicals. Id. at 402.
 The legality of a sentence under the Sentencing Guidelines is reviewed de novo. United States v. Manning, 56 F.3d 1188, 1200 (9th Cir.1995). The district court's factual findings in the sentencing phase are reviewed for clear error. United States v. Basinger, 60 F.3d 1400, 1409 (9th Cir.1995) ( Basinger ).
 Marutz argues that because his convictions were based on possession of ephedrine, his entire sentence was subject to the ten-year maximum in 21 U.S.C. § 841(d)(2). His argument is frivolous. Marutz was sentenced to 120 months under Count Three for violating 21 U.S.C. § 841(d)(2). He was sentenced to the statutory maximum--ten years, or 120 months. His total sentence was 360 months because he was also convicted under 21 U.S.C. §§ 846, 841(a)(1) (conspiracy and attempt to manufacture methamphetamine). These three counts do not cover the same conduct. Thus, Marutz's overall sentence could rise above the maximum level in section 841(d)(2), so long as his sentence under that provision did not exceed ten years.
 Marutz's other challenges to his sentence are also meritless. The district court properly calculated "potential" methamphetamine based on seized precursor chemicals, such as ephedrine. Basinger, 60 F.3d at 1409. Its use of expert testimony to arrive at this estimate was also proper. Id. In calculating Martuz's sentence under sections 846 and 841(a)(1), the court properly used U.S.S.G. § 2D1.1. United States v. Myers, 993 F.2d 713 (9th Cir.1993) (upholding use of section 2D1.1 rather than section 2D1.11 for conspiracy to manufacture); see also U.S.S.G. § 2D1.11 (explicitly cross-referencing 2D1.1).
 Marutz contends, and the government concedes, that the district court denied him his right of allocution. See United States v. Carper, 24 F.3d 1157, 1158, 1162 (9th Cir.1994). The district court's failure to allow Marutz his right of allocution is reviewed for harmless error. United States v. Ortega-Lopez, 988 F.2d 70, 72 (9th Cir.1993).
 Here, we cannot say that the district court's error was harmless. Marutz was sentenced to a total of 360 months under a Guideline range of 360 months to life. Marutz argues that had he been able to address the trial court personally, he could have convinced the court to reassess his role in the conspiracy. Thus, although the district court sentenced Marutz at the low end of the Guidelines range, it still had the discretion to depart downwardly and impose a shorter sentence. See United States v. Sarno, Nos. 93-50859, 93-50860, 94-50010, 95-50270, and 95-50271, slip op. 15391, 15449 (9th Cir. Dec. 11, 1995).
 Although there was no error in the calculation of Marutz's sentence, we vacate Marutz's sentence and remand solely to allow Marutz to exercise his right of allocution. We affirm with respect to all other issues.
 CONVICTION AFFIRMED; SENTENCE VACATED AND REMANDED.
 
 
 1
 Note: This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.
 
 
 
 *
 Honorable William J. Rea, United States District Judge, Central District of California, sitting by designation