119 F.3d 7
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ronald Lee DEWBRE, Defendant-Appellant.
 No. 96-56492.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 14, 1997**
Decided July 18, 1997.
 
 Before: HUG, Chief Judge, KOZINSKI, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Ronald Lee Dewbre, a federal prisoner, appeals pro se the district court's denial of his motions under 28 U.S.C. § 2255 and Fed. R. Civ. Proc. 59(e) challenging his convictions and 360-month sentence for conspiracy to manufacture and possess methamphetamine with intent to distribute, aiding and abetting the manufacture and possession of methamphetamine with intent to distribute, and possession of ephedrine with intent to manufacture methamphetamine. Dewbre contends that he received ineffective assistance of counsel at sentencing and on appeal. We have jurisdiction under 28 U.S.C. § 2255. We review de novo both an order denying a section 225 § motion and a determination that a defendant received effective assistance of counsel, see McMullen v. United States, 98 F.3d 1155, 1156 (9th Cir.1996), cert. denied, 1997 WL 251244 (1997), and we affirm.
 
 
 3
 To establish ineffective assistance of counsel, a defendant must prove that: (1) his counsel's performance was deficient and (2) the deficient performance prejudiced the defense. See Strickland v. Washington, 466 U.S. 668, 687 (1984); McMullen, 98 F.3d at 1157-58. If it is possible to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, we may do so without examining the performance prong. See Strickland, 466 U.S. at 697; see also Miller v. Keeney, 882 F.2d 1428, 1434 (9th Cir.1989) (appellate counsel not ineffective for failing to raise weak issues).
 
 
 4
 Dewbre first contends that his counsel was ineffective because he did not object to or appeal the district court's denial of his right to allocution at sentencing. This contention lacks merit.
 
 
 5
 While the district court "shall address the defendant personally and determine if the defendant wishes to make a statement and to present any information in mitigation of the sentence," Fed.R.Crim.P. 32(c)(3)(C), the district court's failure to comply with this rule is reviewed for harmless error. See United States v. Ortega-Lopez, 988 F.2d 70, 72 (9th Cir.1993). Here, the district court's failure to personally address Dewbre was harmless error because the district court sentenced Dewbre at the lowest point on the Guideline range after it correctly concluded there was no basis to depart downward. See id. at 72-73 (holding district court's failure to personally address defendant during sentencing harmless error where defendant received shortest possible sentence). Therefore, Dewbre's counsel was not ineffective for failing to object to or appeal this issue. See Strickland, 466 U.S. at 697.
 
 
 6
 Dewbre next contends he received ineffective assistance of counsel because he was not given the opportunity to review the presentence report ("PSR") prior to sentencing nor asked by the court whether he had done so, and his attorney failed to object at sentencing or raise the issue on appeal. This contention lacks merit because Dewbre concedes that he reviewed the PSR prior to his sentencing, and he fails to point to any valid objections to the PSR which were not raised by counsel. See Strickland, 466 U.S. at 697.
 
 
 7
 Dewbre also contends that counsel was ineffective for not objecting to or appealing the untimely receipt of the PSR. This contention lacks merit because Dewbre has failed to demonstrate he was prejudiced by having one less day to review the report. See Strickland, 466 U.S. at 697; see also United States v. Turner, 898 F.2d 705, 714 (9th Cir.1990) (holding that late delivery of presentence report subject to harmless error analysis).
 
 
 8
 Dewbre also contends counsel was ineffective for failing to argue on appeal that a reversal of his conviction for a violation of 21 U.S.C. § 841(a)(1) on count five would invalidate his conviction on the conspiracy count under 21 U.S.C. § 846 because count five was an overt act alleged in the conspiracy charge. This contention lacks merit because the government need not prove the commission of any overt acts in furtherance of the conspiracy to establish a violation of 21 U.S.C. § 846. See United States v. Shabani, 513 U.S. 10, 15 (1994).
 
 
 9
 Dewbre finally contends he received ineffective assistance of counsel when his attorney failed to investigate the drug evidence to determine whether Dewbre possessed d-methamphetamine or 1-methamphetamine. This contention lacks merit because Dewbre offers no evidence indicating that the methamphetamine involved was 1-methamphetamine rather than d-methamphetamine. See Strickland, 466 U.S. at 697; see also McMullen, 98 F.3d at 1158 (holding counsel not ineffective for failing to challenge type of methamphetamine where no evidence indicates defendant possessed 1-methamphetamine).[1]
 
 
 10
 Accordingly, we affirm the district court's denial of an evidentiary hearing because the motion and the record show that Dewbre is not entitled to relief. See Frazer v. United States, 18 F.3d 778, 781 (9th Cir.1994).[2]
 
 
 11
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Dewbre also contends that the district court erred by failing to make a factual finding that Dewbre possessed d-methamphetamine. Because this issue was not raised at sentencing or on direct appeal, we do not address it here. See McMullen, 98 F.3d at 1156
 
 
 [2]
 Because Dewbre did not raise the claim that he should have sentenced under 21 U.S.C. § 841(b)(1)(B) (viii) in his section 2255 motion, we do not consider it here. See United States v. Johnson, 988 F.2d 941, 945 (9th Cir.1993)