**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | Nos. 08-10266 and 08-10400 |
| Plaintiff - Appellee, | D.C. No. CR 05-01424-001-RCC (HCE) |
| v. | |
| JORGE BRETON-RODRIGUEZ, | MEMORANDUM [*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Raner C. Collins, District Judge, Presiding

Argued and Submitted September 14, 2009
San Francisco, California

Before: SCHROEDER, REINHARDT and HAWKINS, Circuit Judges.

Jorge Breton-Rodriguez ("Breton-Rodriguez") appeals his conviction and

sentence for attempted manslaughter and assault, arguing that the district court erred

in: permitting the use of his confession—taken in violation of *Miranda*—to impeach

the defendant's insanity expert; finding Breton-Rodriguez was not entitled to a

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

reduction in his offense level under the Guidelines for acceptance of responsibility; and considering acquitted conduct in calculating his sentence in violation of his Sixth Amendment rights. He also appeals the court's restitution order, arguing the court was without jurisdiction to issue it after his timely appeal.

**A.    Conviction and sentence**

In challenging his conviction, Breton-Rodriguez first urges us to consider whether *James v. Illinois*, 493 U.S. 307 (1990), permits the use of an unMirandized but voluntary statement to impeach a witness other than the defendant. Because he opened the door during the direct examination of Dr. Barry Morenz, under *Ohler v. United States*, 529 U.S. 753 (2000), Breton-Rodriguez waived the right to challenge the impeachment on appeal.

In sentencing Breton-Rodriguez, the district court did not clearly err when it denied him a downward departure for an acceptance of responsibility. While Breton-Rodriguez did express remorse during his sentencing hearing, the district court correctly based its determination on Breton-Rodriguez's pre-trial conduct and statements, and not on his statements in his sentencing hearing. *See* U.S.S.G. § 3E1.1 n.2 (the "determination that a defendant has accepted responsibility [is] based primarily upon *pre-trial* statements and conduct") (emphasis added).

2

The use of acquitted conduct to support a sentencing enhancement is permitted if such conduct has been proven by a preponderance of the evidence. *United States v. Watts*, 519 U.S. 148, 157 (1997). Here, Breton-Rodriguez's acquittal for the Use of a Firearm During a Crime of Violence, 18 U.S.C. § 924(c), does not preclude the court's finding by a preponderance of the evidence for purposes of sentencing that he used and discharged the firearm in question. *See United States v. Mercado*, 474 F.3d 654, 657 (9th Cir. 2007). Therefore, the district court did not err in using Breton-Rodriguez's acquitted conduct for sentencing purposes.

**B.    Restitution Order**

Breton-Rodriguez's filing of his first notice of appeal did not divest the district court of jurisdiction over issuing its amended restitution order, because for all practical purposes, the district court in its first order did not enter a restitution amount. *See United States v. Ortega-Lopez*, 988 F.2d 70, 72 (9th Cir. 1993) (an appeal divests the district court of its jurisdiction over only those aspects of the case included in that appeal). Although the first written judgment had an entry of "0" under restitution, the district judge stated unambiguously that the government had 90 days to submit a restitution figure. The court then issued a second restitution order once it had the information requested from the government. *Cf. United States v. Najjor*, 253 F.3d 979

3

(9th Cir. 2001) (involving two distinct restitution orders with amounts greater than $0).

The district court in its second order delegated restitution duties to the probation officer. While we have approved delegation to a probation officer of "the task of determining the method of payment for restitution," *United States v. Signori*, 844 F.2d 635, 641 (9th Cir. 1988), we have held that "[u]nder the [Mandatory Victims Restitution Act], the district court is ultimately responsible for setting a schedule for making restitution." *United States v. Gunning*, 339 F.3d 948, 949 (9th Cir. 2003); *see also United States v. Lemoine*, 546 F.3d 1042, 1046 (9th Cir. 2008); *United States v. Betts*, 511 F.3d 872, 877 (9th Cir. 2007). Here, the district court's order provided that"[r]estitution payments shall be paid at the discretion of the probation officer."

Given the court's delegation of the payment schedule, we remand the restitution order to the district court to establish a payment schedule while taking into consideration our case law concerning delegation of such matters.

## C.    Conclusion

Having opened the door during direct examination, Breton-Rodriguez waived the right to challenge on appeal the impeachment of his expert. Thus, we affirm the conviction. We also affirm the sentencing determination and use of acquitted conduct

to sentence Breton-Rodriguez, but remand the restitution order so that the district judge may establish a payment schedule.

**AFFIRMED IN PART; REVERSED AND REMANDED IN PART.**